[No. 8576.  Department Two.—June 22, 1885.]

## T. H. HATCH ET AL., RESPONDENTS, v. NEW ZEALAND INSURANCE COMPANY, APPELLANT.

INSURANCE POLICY—CONSTRUCTION—FALSE DESCRIPTION.—In a policy of fire insurance, a portion of the description which is false will be disregarded, where enough remains to identify the property.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*W. S. Goodfellow,* for Appellant, cited *Bryce* v. *Lorillard Ins. Co.* 55 N. Y. 240, 245, 246; *Thomas* v. *Thomas,* 6 Durn. & E. 676,

*I. R. Brandon,* for Respondents, cited *W. F. Mutual Ins. Co.* v. *Miller,* 1 Handy, 325; *Aurora Fire Ins. Co.* v. *Eddy,* 49 Ill. 106; *Wells, Fargo & Co.* v. *Pacific Ins. Co.* 44 Cal. 397; *Heath* v. *Franklin Ins. Co.* 1 Cush. 257; *Vance* v. *Fore,* 24 Cal. 445.

THORNTON, J. — The defendant insured the property of the plaintiff in the Overland Free Warehouse, situate at the northeast corner of Third and King streets, San Francisco. It makes no difference that this building was styled in the policy Overland Free Warehouse No. 1. As it was actually Overland Free Warehouse No. 2, instead of No. 1, the part of the description No. 1 in the policy should be rejected as false. No. 2 was the warehouse at the corner, while No. 1 was forty-six feet distant from it. If the property intended to be conveyed is described in a deed as Overland Free Warehouse No. 1, situate on the northeast corner of Third and King streets, San Francisco, upon proof that a warehouse of that name was situate at the northeast corner of the streets named, such warehouse would be held to pass to the grantee, though described as No. 1, when it was really No. 2.

It appearing by the proof of the actual condition of the property that the description No. 1 was false, and that the remaining description of the property sufficiently identified it, the false part should be rejected. We know no reason why this rule does not apply to a description of property in a policy of insurance, as well as to a description of property in a conveyance.

The findings sufficiently identify the warehouse in which the property insured was stored.

There is no error, and the judgment and order are affirmed.

Ordered accordingly.

SHARPSTEIN, J., and MYRICK, J., concurred.

Hearing in Bank denied.