Argued February 6; decided March 23, 1896.

## NORTH PACIFIC LUMBER COMPANY *v.* WILLAMETTE MILL COMPANY.

[44 Pac. 286.]

PRINCIPAL AND AGENT—ADMISSIONS OF AGENT.—The admissions of an agent authorized to settle and adjust the accounts of his principal, made in the attempted adjustment of an account, are admissible against the principal.

From Multnomah: HARTWELL HURLEY, Judge.

This is an action to recover the sum of three thousand seven hundred and seventy-two dollars and forty-one cents for lumber alleged to have been sold and delivered by the plaintiff to the defendant between the seventeenth day of November and the thirty-first day of December, eighteen hundred and ninety-two, as part of the cargo of the ship St. Catherine, loaded by William Dunbar, and destined for some point in China. The defense is that the lumber was sold to Dunbar, and on his account, and not to the defendant. The verdict and judgment were for the plaintiff, and defendant appeals.

                                              AFFIRMED.

For appellant there was a brief by *Messrs. Charles H. Carey* and *Emmet B. Williams*, with an oral argument by *Mr. Carey.*

For respondent there was a brief and an oral argument by *Mr. Thomas N. Strong.*

Opinion by Mr. Chief Justice Bean.

Upon the trial, the plaintiff called as a witness Mr. E. T. Williams, its secretary, who testified that between the dates named the plaintiff sold and delivered to the defendant and on its account the lumber mentioned in the complaint; that the contract for the sale was made by him in behalf of the plaintiff with Mr. Ordway, the manager of the defendant corporation; and that in pursuance thereof the lumber was delivered on board the St. Catherine. The witness further testified that after the lumber had all been delivered and the invoice made out, he telephoned to the defendant inquiring whether it wished to pay the bill immediately or take the usual sixty days, and that its secretary and treasurer, Mr. Williams, said they would take the usual sixty days; that subsequently defendant refused to pay the bill, and the witness called at its office and inquired of Williams what the objections were, and Williams said he believed the bill was all right, but said: "Don't commence any suit or action now. Wait a few days; the old man is sick, and I will go up and have a talk with him about it; I think we can arrange it all right." To all the testimony in reference to the declarations, admissions, or state-

ments of Williams the defendant objected, on the ground that his admissions or declarations were not binding upon the defendant, and the overruling of such objection constitutes the only assignment of error on this appeal. We think the evidence was competent. The testimony showed that Mr. Williams was the secretary and treasurer of the defendant, attended to the correspondence between it and the plaintiff, settled and adjusted the accounts between them from time to time, made payments for defendant to plaintiff, and signed all checks sent it. For such purposes, therefore, he stood in the place of and represented the defendant, and whatever he did in the discharge of his duty was binding upon his principal, and his declarations or admissions made during the attempted adjustment of the account sued on were competent evidence against the defendant. "For, where the acts of the agent will bind the principal, there his representations, declarations, and admissions, respecting the subject matter, will also bind him, if made at the time, and constituting a part of the *res gestæ*": Story on Agency, § 134; 1 Greenleaf on Evidence, § 116; *Morse* v. *Connecticut River Railroad Company,* 6 Gray, 450; *Lane* v. *Boston Railroad Company,* 112 Mass. 455; *Fox* v. *Adams Express Company,* 116 Mass. 292; *Kirkstall Brewery Company* v. *Furness Railway Company,* 9 Q. B. 468. It follows that the judgment of the court below is affirmed, and it is so ordered.

AFFIRMED.