[Argued April 21; decided May 1, 1897.]

## BAKER *v.* STATE INSURANCE COMPANY.

(48 Pac. 699.)

</div>

1. INSURANCE POLICY — DESCRIPTION OF PROPERTY.—It is not necessary, in an insurance policy, that the locality be fixed or established by such technical legal descriptions as are usually employed in conveyances of title; thus, where a policy described the property, as "a frame dwelling house situated on and confined to the premises now actually owned and occupied by assured, to wit: Lots 27 and 28, block 8, in Harlington Addition to Mt. Tabor," and the proof showed the correct description to be the same numbered lots and block in Harlem Addition to East Portland, and that there was no such place as "Harlington Addition to Mt. Tabor," the variance is not fatal, since, after eliminating the erroneous portion of the description, enough remains to identify the property.

2. WARRANTY OF OWNERSHIP.—A warranty that the insured is the sole and undisputed owner of the insured property and that the title to the land is in her name, is not broken by the fact that legal title has not been conveyed to the insured, where she has gone into possession under a contract of purchase and has performed on her part all the conditions thereof to the date of application, as the term "title" is to be construed in the ordinary acceptation of the term.

3. VALUE OF PROPERTY.—A false statement as to the value of the property will not invalidate the policy, if given in good faith as the honest opinion of the insured.

From Multnomah: E. D. SHATTUCK, Judge.

M. E. Baker sued the State Insurance Company, of Salem, Oregon, on a policy of fire insurance, and recovered a judgment for the full amount claimed, from which defendant appealed.

AFFIRMED.

For appellant there was a brief over the names of *Messrs. R. & E. B. Williams* and *W. T. Slater*, with an oral argument by *Mr. Slater*.

For respondent there was a brief over the name of *Williams, Wood & Linthicum*, with an oral argument by *Mr. Geo. H. Williams*.

Opinion by MR. JUSTICE WOLVERTON.

This is an action upon a policy of insurance to recover a fire loss of $400 on a dwelling and $200 on household furniture. The defense interposed is that plaintiff by her written application, and as an inducement for the issuance of the policy of insurance, made answers to certain inquiries touching the value of the building and land upon which it is situate, and the ownership and title of the land, in substance as fol-

lows: Q. What is the actual cash value of your land and buildings thereon? A. $1,000. Q. Are you the sole and undisputed owner of said lands and property to be insured? A. Yes. Q. Is the title to the land on which said buildings are situated in your name? A. Yes; that by the terms of the application the plaintiff agreed that each of said questions was correctly answered, and that such valuations and statements were true, and a warranty upon her part, and that the acceptance of the risk and the issuance of the policy should be based solely upon such application; but that she answered falsely, in disregard of such conditions, whereby she has suffered a breach of the warranty, and thus rendered the policy void. The property insured is described in the policy as "situated on and confined to the premises now actually owned and occupied by the assured, to wit: Lots twenty-seven and twenty-eight, block eight, in Harlington Addition to Mt. Tabor, Multnomah County, Oregon," and it is described in substantially the same manner in the complaint, but the evidence shows that the premises upon which the dwelling was located are correctly described as lots twenty-seven and twenty-eight, in block eight, Harlem Addition to East Portland, and it was further shown, over the objection of defendant, that there was no such place as "Harlington Addition to Mt. Tabor."

1. Upon this state of the record, it is first contended that there is a complete and fatal variance between the pleadings and the proof touching the description of the property covered by the policy of insurance, by reason whereof plaintiff is not entitled to recover. The objection goes to the identification of the *locus in*

*quo* of the dwelling, and it is not a question whether
the description is sufficient to carry title, or to iden-
tify property conveyed or transferred.    It is never
necessary, in insuring property, that the locality be
fixed or established by such technical legal descrip-
tions as are usually employed in conveyances of title,
and it is not infrequently the case that insurance com-
panies employ maps, for convenience in the designa-
tion and location of buildings and property for insur-
ance purposes, which have no sort of reference to any
public or legal surveys or plats, and descriptions by
reference thereto are accounted sufficient.    As it per-
tains to the location, and the question whether the
loss is within the policy, the evident intention of the
parties, to be gathered from the language used, in
connection with the nature of the property and the
uses and purposes to which it is devoted, will prevail:
1 Wood on Insurance § 47.    And it has been held in
California that if enough of the description is true to
identify the property, other portions of it which are
false may be disregarded, when the question is merely
what property was insured: *Hatch* v. *New Zealand In-
surance Company*, 67 Cal. 122 (7 Pac. 411); 2 May on
Insurance § 420 *a*.    Omitting and disregarding all re-
ference to "Harlington Addition to Mt. Tabor" or to
any subdivision thereof, we think there is enough left
to identify the property insured, and it was pertinent
to show that there was no such addition, but that
Harlem Addition to East Portland was the one to
which reference should have been made.    There
would be left the following description, viz: "A frame
dwelling house situated **on and** confined to premises

now actually owned and occupied by the assured," and this is sufficient for the purposes of the insurance, and for a recovery in the case of loss. There was a latent ambiguity, and the evidence offered was competent to explain it.

2. It appeared from the testimony that plaintiff was not the owner in fee of the land upon which the dwelling was situated at the time the insurance was effected, but that she. held a contract with the owners of the legal title for a conveyance by good and sufficient deed, conditioned upon her completing payment therefor in certain installments and at designated dates; and it is contended that this discloses a state of affairs inimical to plaintiff's warranty touching the ownership and title. The warranty is in substance that plaintiff is the sole and undisputed owner of the lands and property insured, and that the title to the land is in her name. It goes to the ownership and title to the land, and the question is, do the record and proofs show the warranty to be false? If they do, the plaintiff cannot recover. In *Susquehanna Insurance Co.* v. *Staats*, 102 Pa. St. 529, a purchaser at sheriff's sale, subsequent to the purchase but prior to the delivery of the sheriff's deed, represented to the company that the land was "owned by the applicant," and it was held that there was no such absence of title in the assured as that the representation would affect the validity of the policy. In *Pennsylvania Insurance Co.* v. *Dougherty*, 102 Pa. St. 568, the assured purchased from executors a lot of ground upon which there was a building, paid the purchase money, received a receipt, and had gone into possession, but prior to the

execution of the deed she had the building insured. By her application she represented that the title to the house and lot was in her name, and by the terms of the contract of insurance the answers and representations made in the application were taken as part of the contract, and were warranted to be true; and the court held that, as the equitable title to the property was vested, it was for all the purposes of the suit equivalent to a fee. In *Lebanon Insurance Co.* v. *Erb*, 112 Pa. St. 149 ( 4 Atl. 8 ), it was held that it was not essential that the assured should have been invested with the legal title, if he was the sole, absolute, and beneficial owner in equity, and this under a condition in the policy as follows: "If the property to be insured be held in trust or on commission, or be leasehold or other interest not amounting to absolute or sole ownership,   *   *   *   it must be so represented to the company, and expressed in the policy in writing, otherwise the insurance as to such property shall be void." In *Fire Insurance Co.* v. *Dyches*, 56 Tex. 573, it was held that where the entire equitable right in or to the land is in the assured, and he is in a condition to enforce specific performance, there is no breach of the warranty. In *Hough* v. *City Fire Insurance Co.*, 29 Conn. 10 ( 76 Am. Dec. 581 ), the assured represented by his application that the property insured was "his house," and the policy contained a condition that "if the interest in the property to be insured is not absolute, it must be so represented to the company and expressed in the policy in writing, otherwise the insurance shall be void." The legal title was, however, in another person, with whom he

had at the time a parol contract for its purchase for an agreed price, part of which he had paid, and he had entered into possession; and it was held that his equitable title should be regarded as an absolute interest, and therefore that the insurance was not void. To the same effect is *Gaylord* v. *Lamar Fire Insurance Co.*, 40 Mo. 15 ( 93 Am. Dec. 289 ); *Swift* v. *Vermont Fire Insurance Co.*, 18 Vt. 305; *Pelton* v. *Westchester Fire Insurance Co.*, 77 N. Y, 605; *Rumsey* v. *Phœnix Fire Insurance Co.*, 17 Blatch. 527 (1 Fed. 396); *Martin* v. *State Insurance Co.*, 44 N. J. Law, 490 (43 Am. Rep. 397); *Bonham* v. *Iowa Central Insurance Co.*, 25 Iowa, 328. The instructions of the learned trial judge touching the question proceeded upon the theory that if plaintiff had contracted for the purchase of the land upon which the building was situated, had gone into possession and performed on her part all the conditions thereof to the date of the application, she should be deemed to be the owner, and, for the purposes of the policy, the title was in her name. This is in full accord with the authorities cited, and is, as we believe, the law of the case. The plaintiff, if not in default, was the sole and undisputed equitable owner of the lands, and when she answered that the title was in her name, she answered truly, in the ordinary acceptation of the term. In common parlance the term is used to express ownership, regardless of any technical legal import, and an absolute equitable ownership fills the measure of common understanding quite as fully as legal ownership. It was not expected that plaintiff should answer technically touching her ownership and title, and the construction of her war-

ranty ought not to be circumscribed as if she had spoken in a technical sense. These conclusions are especially applicable in the present case, as it was shown that when the plaintiff made the application she produced her contract for the inspection of the agent, who wrote out the answers for her, and no doubt they were given with special reference to her title as acquired by and through the contract.

3.   The answer touching the value of the land and building involved somewhat the expression of an opinion; and unless it is tinctured with fraud, or so widely at variance with the truth that a fraudulent purpose must be presumed, it ought not to render the policy void.   The honest judgment and opinion of the party making such valuation is all that is required: *Phœnix Insurance Co.* v. *Pickel,* 119 Ind. 155 (12 Am. St. Rep. 393, 21 N. E. 546, 18 Ins. Law Jour. 598). The question was submitted to the jury in this light, and properly so.   The question involved in the motion for nonsuit, if it can be urged at all under the pleadings, is necessarily disposed of by the foregoing considerations.   The judgment is affirmed.

                                                    AFFIRMED.