Argued 23 October; decided 13 November, 1899.

### HANNAN *v.* GREENFIELD.

[58 Pac. 888.]

</div>

1. MATERIALITY OF EVIDENCE.—Where a complaint stated a cause of action for a balance due for labor at a certain rate per day, and added "of which $78 is due for commissions as aforesaid," but there was no aforesaid statement on that subject, it was error to admit testimony in relation to commissions.

2. ALLEGATIONS AND PROOFS—PERFORMANCE OF CONTRACT.—It is a settled rule that proofs must follow the allegations of the complaint; thus, an allegation that plaintiff had performed all the conditions of a contract precedent to his right to sue, will not support testimony that such conditions had not been performed because of a waiver by the other party: *Long Creek Bldg. Assoc.* v. *State Ins. Co.* 29 Or. 569, applied.

36 OR.—7.

| | |
|---|---|
| 36b | 97 |
| 38 | 199 |
| 36 | 97 |
| Case 2 | |
| 40 | 565 |
| 36 | 97 |
| Case 2 | |
| e46 | 104 |
| 46 | 154 |
| 46 | 595 |

3. MODE OF PROVING WRITINGS.—Compliance with Hill's Ann. Laws, § 761, prescribing the mode of proving a writing by a subscribing witness, is mandatory, and permitting a witnessed contract to be proved otherwise than as by said section required.

4. EVIDENCE OF ACTS OF AGENT.—Until the fact of agency has been established directly or inferentially, the acts and declarations of an agent are inadmissible against his principal: *Connell* v. *McLoughlin*, 28 Or. 230, cited.

5. IMMATERIAL, IRRELEVANT AND INCOMPETENT TESTIMONY.—It is error to permit a party to introduce as evidence a returned registered letter, mailed after the action was begun, where it did not appear to connect any one of the parties in any way with the persons to whom it was addressed.

From Multnomah : LOYAL B. STEARNS, Judge.

Action by Edward Hannan against J. R. Greenfield and another. Judgment for plaintiff, and defendant Greenfield appeals.        REVERSED.

For appellant there was a brief over the name of *Davis, Gantenbein & Veazie*, with an oral argument by *Mr. Arthur L. Veazie.*

For respondent there was a brief over the names of *Allen R. Joy* and *Wallis Nash*, with an oral argument by *Mr. John C. Leasure.*

MR. JUSTICE MOORE delivered the opinion.

This is an action to recover compensation for services alleged to have been performed by plaintiff as canvassing agent for defendants. It is stated, in substance, in the complaint, that at all the times therein mentioned the defendants, J. R. Greenfield and L. E. Woodworth, were partners, and engaged in business under the name of the Pacific Coast Home Supply Association ; that about November 28, 1894, defendants entered into a contract with plaintiff, whereby he was appointed their agent, in pursuance of which he solicited subscriptions for membership in said association, for which they agreed to pay him forty per cent. of the amount secured on account thereof ; and it was stipulated that if the commissions

so received did not equal $4 per day of eight hours, they would pay him, in addition thereto, sufficient to make up that amount. It is then alleged as follows : "(3) That plaintiff entered the employ of said association on or about the 28th day of November, 1894, as canvassing agent and solicitor, as provided in the aforesaid contract, and that plaintiff kept and performed on his part all the conditions of said contract. (4) That the said commissions of said subscriptions taken by this plaintiff as solicitor as aforesaid did not amount to the sum of $4 per day. (5) That there is now due plaintiff for wages and services, as aforesaid, in accordance with the conditions of said contract, over and above all payments and setoffs, the sum of $268.40, of which $78 is for commissions as aforesaid." It is then averred, in substance, that said sum of $268.40 became due December 20, 1895, and that plaintiff is entitled to interest thereon at the rate of eight per cent. per annum from that date, for which he prayed judgment. The defendant Woodworth, not having been personally served with the summons, made no appearance, but Greenfield filed an answer denying each allegation of the complaint, and a trial resulted in a joint judgment against the defendants, and a personal judgment against Greenfield, for the amount demanded, from which he appeals.

1. It is contended by defendants' counsel that the court erred in permitting plaintiff, over their objection and exception, to testify concerning any sum that might be due him on account of commissions. The plaintiff, in answer to the question, "How much is due you for commissions under your contract?" said : "I took 158 memberships at $7 each, which would make $1,106. I was to have 40 per cent. commission on all memberships, which would make $442.40. Of that amount I received $371.55, making a balance due me on commissions of

$70.85. I worked 160 days at $4 per day, making $640, less $442.40, amount of commissions, leaves $197.60 due me over and above commissions. Add to this $70.85 still unpaid on commissions, makes $268.45.'' An examination of the complaint will show that the cause of action is founded upon the alleged breach of the agreement to pay $4 per day for the service performed. It is intimated therein, however, that $78 of the amount demanded is due for commissions, but this averment is a statement of a conclusion of law without the allegation of any facts upon which to predicate it. The complaint contains no allegation respecting the number of members secured, or the amount received by plaintiff on account thereof, from which it could be inferred that $78, or any other sum, was due him.

It is insisted by plaintiff's counsel that, notwithstanding the complaint might have been vulnerable to a·demurrer, if one had been interposed, the defect was cured by the verdict. The rule is well settled in this state that a general verdict will cure a defective statement in a pleading, but will not aid one from which a material averment is omitted : *Weiner* v. *Lee Shing*, 12 Or. 276 (7 Pac. 111); *Bingham* v. *Kern*, 18 Or. 199 (23 Pac. 182). ''The extent and principle of the rule of aider by verdict,'' says Mr. Justice BEAN in *Booth* v. *Moody*, 30 Or. 222 (46 Pac. 884), ''is that whenever the complaint contains terms sufficiently general to comprehend a matter so essential and necessary to be proved that, had it not been given in evidence, the jury could not have found the verdict, the want of a statement of such matter in express terms will be cured by the verdict, because evidence of the fact would be the same whether the allegation of the complaint is complete or imperfect. But, if a material allegation going to the gist of the action is wholly omitted, it cannot be presumed that any evidence in reference to it

was offered or allowed on the trial, and hence the pleading is not aided by the verdict." The complaint containing no statement of facts in relation to the amount due on account of commissions, a material averment, going to the gist of a part of the action, was omitted therefrom, and, there being no foundation upon which to predicate a part of the judgment, at least, the court erred in permitting plaintiff to testify in relation to the amount claimed to be due on account of such commissions.

2.   It is contended that the court erred in refusing to strike out plaintiff's testimony concerning the cancellation of the contract under which the alleged service was performed. The contract in question shows that plaintiff agreed to devote his whole time for the term of one year from December 10, 1894, to canvassing for memberships in said association, and to make up, after the expiration of the year, all time lost during such period. The testimony which the court, over defendants' exception, refused to strike out, is as follows : "Q. How long did you work?   A. I went to work under that contract as soon as I could get my catalogues and book matter from the printers. I was delayed a couple of weeks. I put in 160 days, and worked until about the 16th or 17th of December, 1895. There is a clause in the contract which states that I was to make up all lost time during the year, and any time I would lose from work. If I didn't work, I had to make it up after the year expired. The contract expired on December 10, 1895. I put in two days after that on the lost time, and the weather got so bad, and it was getting so near the holidays, that it was virtually impossible to do any business, and so I thought I would come home for the holidays, and wait until the weather settled, and then go out and fulfill my contract. After I came in, Mr. Greenfield and I checked up our accounts, to see how we stood. Then I asked him if he would not

give me a little money to carry me over the holidays. He said he didn't see how he could until some of the notes were paid up, as I had drawn all commissions on what cash was turned in, and I would have to wait until some of the parties paid their notes. I said : 'There is something coming to me on my days' work,—what I was to get over and above the commission. The commissions do not amount to the $4 you agreed to pay.' Mr. Greenfield said : 'You have not been working under that for some time. I canceled that along about the first of June.' Q. Is there anything further you wish to state? A. The only thing that I desire to add is that the reason why I did not go on and finish up my lost time according to the contract was because Mr. Greenfield notified me that he had canceled the contract." This testimony tended to show an excuse for plaintiff's failure to perform his part of the agreement. It was alleged in the complaint that he had kept and performed, on his part, all the conditions of the contract, which averment being controverted, it was incumbent upon him to establish on the trial facts showing such performance : Hill's Ann. Laws, § 87. Instead of complying with this statutory requirement he sought to evade the conditions of his agreement by reason of defendants' conduct, without alleging a waiver by the latter. Under the allegations of his complaint, plaintiff was required to show, as a condition precedent to the maintenance of his action, that he had made up the time lost during the year. This he did not attempt to do. If he relied upon a waiver of the contract as the foundation of his action, he should have alleged the facts constituting such waiver ; and, not having done so, the court erred in refusing to strike out the testimony excepted to : *Long Creek Bldg. Assoc.* v. *State Ins. Co.* 29 Or. 569 (46 Pac. 366).

3. It is insisted that the court erred in admitting in evidence, over defendants' objection and exception, the

contract alleged to have been entered into between the
parties, on the ground that the subscribing witness thereto
was not called to prove its execution, nor his absence ac-
counted for.   The statute requires that the proof of the
execution of a writing shall be made by calling the sub-
scribing witness, if there be one living within the state,
and capable of testifying.   If such witness be dead, or
out of the state, or incapable of testifying, the proof of
his handwriting and that of the party is sufficient :   Hill's
Ann. Laws, § 761.   The statute prescribing the mode of
proving the execution of such writings when they are not
certified copies of a public record is mandatory, and the
court erred in admitting said contract in evidence :  *Brig-
ham* v. *Palmer*, 3 Allen, 450 ;   *Barry* v. *Ryan*, 4 Gray, 523;
*Story* v. *Lovett*, 1 E. D. Smith, 153 ;   *Jones* v. *Underwood*,
28 Barb. 481 ;   *Hodnett* v. *Smith*, 10 Abb. Prac. (N. S.) 86.

4.   It is maintained that the court erred in refusing
to strike out plaintiff's testimony concerning statements
made to him by an alleged agent of said association.   The
testimony objected to is as follows :   "About the 28th day
of November, 1894, I made a contract of employment with
the so-called Pacific Coast Home Supply Association.   It
is not an incorporated company or association.   I made
this contract with the understanding that Greenfield and
Woodworth were the sole proprietors, and that I was to
make all reports to them, and receive my salary and com-
missions from them.   Mr. Shurtz, the general agent, told
me this at the time I made my contract for employment."
The acts and declarations of an agent, while they may be
binding upon himself, cannot be used against his prin-
cipal until the fact of the agency has been established by
independent evidence, or fairly inferred from circum-
stances :   *Connell* v. *McLoughlin*, 28 Or. 230 (42 Pac. 218) ;
*McClung's Ex'rs* v. *Spotswood*, 19 Ala. 165 ;   *Galbreath* v.
*Cole*, 61 Ala. 139 ;   *Hatch* v. *Squires*, 11 Mich. 185 ;   *Peck*

v. *Ritchey*, 66 Mo. 114; *Francis* v. *Edwards*, 77 N. C. 271. After the agency is thus proved, the declarations of the agent bind the principal only when they are made during the continuance of the agency, and in regard to a transaction then depending, *et dum fervet opus :* 1 Greenleaf, Ev. § 113; Story, Ag. § 134; *Wictorwitz* v. *Farmer's Ins. Co.* 31 Or. 569 (51 Pac. 75) ; *Packet Co.* v. *Clough*, 87 U. S. (20 Wall.) 528 ; *Vicksburg & M. R. R. Co.* v. *O'Brien*, 119 U. S. 99 (7 Sup. Ct. 118). Plaintiff's testimony shows that the statement of Mr. Shurtz was made to him at the time the agreement was entered into, and, as it related to the parties to the contract, it would probably have been admissible in evidence as a part of the *res gestæ* if the existence of the agency had been properly established ; but the transcript does not show that the agency had been proved, either directly or inferentially, and, this being so, the court erred in refusing to strike out said testimony.

5. It is contended that the court erred in permitting plaintiff to offer in evidence, over defendants' objection and exception, a returned registered letter addressed to "Mess. W. R. Davidson, James Sharp, or Geo. W. Stafford. Formerly Doing Business as the Pacific Coast Home Supply Association, 132 Market St., San Francisco." This letter was mailed after the action was commenced, and, as it does not seem in any manner to connect the defendants with the persons to whom the letter was addressed, the court erred in admitting it in evidence. It follows that the judgment is reversed, and the cause remanded for a new trial.    Reversed.