Argued March 21, reversed April 11, 1916.

## LARKIN v. CARSTENS PACKING CO.

(156 Pac. 578.)

**Evidence—Conclusions of Witness.**

1. In an action on a contract for the purchase of cattle, where the question did not call for a legal conclusion, testimony of a witness as to whether he was or was not the agent of the defendant in making the contract was admissible, since a parol agency may be established by the testimony of the alleged agent.

**Principal and Agent—Evidence—Admissibility.**

2. In an action on a contract employing plaintiff to purchase cattle for defendant, the exclusion of evidence that the defendant did not receive any of the cattle was erroneous.

From Multnomah: JOHN P. KAVANAUGH, Judge.

Department 2.    Statement by MR. JUSTICE HARRIS.

After alleging that the Carstens Packing Company is a private corporation organized under the laws of Oregon and doing business in the States of Oregon and Washington, the complaint avers that the defendant employed Henry H. Larkin to purchase cattle for the company for the agreed compensation of $1 for every head of cattle purchased; that the plaintiff purchased 1,320 head of cattle, which were accepted by the company; and that the plaintiff therefore earned $1,320, of which only $862.36 has been paid, leaving a balance of $457.64 due the plaintiff.    While it admits that the defendant is a corporation organized under the laws of Oregon, the answer denies "every other allegation in said complaint and the whole thereof," and for a separate defense it is alleged that the Carstens Packing Company, a corporation organized under the laws of Washington with its principal place of business in Tacoma, employed the plaintiff to purchase cattle; that plaintiff purchased 842 head of cattle, for

which he was paid, and then he was notified "to buy and ship no more."

The reply consisted of denials. A trial resulted in a judgment for the plaintiff, and the defendant appeals.                                                     REVERSED.

For appellant there was a brief and an oral argument by *Mr. Marion B. Meacham.*

For respondent there was a brief over the names of *Mr. John J. Fitzgerald* and *Messrs. Logan & Smith,* with an oral argument by *Mr. Isham N. Smith.*

MR. JUSTICE HARRIS delivered the opinion of the court.

It will be observed that the answer notified the plaintiff that the company contended: (1) That Larkin had not contracted with the defendant an Oregon corporation, but that he had been employed by a Washington corporation having the same name as the defendant; and (2) that plaintiff had been paid for the services rendered by him during the employment. The bill of exceptions recites that Thomas Carstens was called as a witness for the defendant, for the purpose of showing that the contract of employment was made by Thomas Carstens for the Carstens Packing Company, a Washington corporation, and not for the defendant, an Oregon corporation. After relating certain negotiations and conversations with Larkin and stating that he was acting for "the Carstens Packing Company of Tacoma," and that he knew "the Carstens Packing Company, the Oregon corporation," the witness was not permitted to answer this question asked by defendant:

"Did you at any time act for the Oregon corporation?"

1. The rule which prohibits third persons from testifying to extrajudicial declarations made by the alleged agent before trial has no application to the instant controversy. Here an attempt was made to prove the nonexistence of agency in a single transaction. The right to prove a parol agency by testimony of the person who claims to be the agent is not even open to debate: *Spande* v. *Western Life Indemnity Co.,* 61 Or. 220, 232 (117 Pac. 973, 122 Pac. 38); 10 Ency. Ev. 14; 31 Cyc. 1651; 1 Am. & Eng. Ency. of Law (2 ed.), 969; 2 C. J. 933, 935; 1 Mechem, Agency (2 ed.), § 291; *Wicktorwitz* v. *Farmers' and Merchants' Ins. Co.,* 31 Or. 569, 575 (51 Pac. 75). The alleged agent is likewise available as a witness to testify to the nonexistence of an agency, and therefore, if Thomas Carstens was not acting for the Oregon corporation, it was competent for him to say so under the circumstances presented by the bill of exceptions and accompanying transcript of the testimony: 2 C. J. 935; *Dowell* v. *Williams,* 33 Kan. 319 (6 Pac. 600). If Carstens did not act for the Oregon corporation, the company was entitled to have the witness give the information to the jury, because the testimony would have been material to the defense that the contract of employment had not been made with the defendant. The mere fact that there were two corporations having the same name would not make the Oregon company liable for the debts of the Washington corporation. The quoted question submitted to the witness might in some, and perhaps in most instances, be calling for a legal conclusion; but on the record made by the trial an answer in the negative would have been a statement of fact.

2. It was also error to refuse to permit Thomas Carstens to tell the jury that the defendant did not receive any of the cattle. It will not be necessary to dis-

cuss any other questions, for the reason that a new trial will probably be kept free from. the remaining objections presented on this appeal.

The judgment is reversed and the cause is remanded for a new trial.    REVERSED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE BURNETT concur.