Argued October 7, affirmed October 25, 1927.

# PACIFIC STATES FIRE INS. CO. *v.* C. ROWAN MOTOR CO.

## (260 Pac. 441.)

**Insurance—Fire Policy will not be Forfeited, Where Other Insurance Exists Without Insured's Knowledge or Consent.**

1. A policy of fire insurance will not be forfeited, where other insurance exists without the knowledge or consent of insured.

**Evidence—Question Whether Witness' Company had Fire Policy on Insured Automobiles was Proper Preliminary, but Policy Should have Been Produced, if Possible, to Prove Contents and Legal Effect.**

2. In fire insurer's action for amount paid on proofs of loss falsely stating that there was no other insurance, question as to whether another insurance company, represented by witness, had a policy on insured automobiles, was proper preliminary, but policy should have been produced to prove its contents and legal effect, in absence of claim that it was lost, that there was no record thereof, or that it could not be produced.

**Evidence—Parol Evidence is Admissible to Prove Execution and Delivery of Insurance Policy, but is Inadmissible to Establish Contents and Legal Efficacy of Insurance Policy, Absence of Which is not Accounted for.**

3. Parol evidence is admissible to prove execution and delivery of insurance policy, but cannot be introduced to establish contents and legal efficacy of policy, absence of which is not accounted for.

**Evidence—Declarations of Insured's Agent Over Seven Months After Fire and Proofs of Loss Held not Competent as Admissions Against Interest.**

4. In insurer's action for amount paid on proofs of loss falsely stating that there was no other insurance, declarations of insured's agent in conversation more than seven months after fire and making of proofs *held* not competent as admissions against interest.

**Evidence—Agent's Admissions or Declarations, Long After, and not Connected With Res Gestae, are Inadmissible as in Nature of Hearsay.**

5. Admissions or declarations of agent, long after the *res gestae,* and not connected with it, are in the nature of hearsay, and not admissible.

---

1. Effect of insurance taken out by one other than owner as violating provision against additional insurance, see note in **L. R. A.** 1918D, 781. Necessity of knowledge or consent of insured to taking out of additional insurance, in order to avoid policy, see note in **Ann. Cas.** 1912D, 632.   See, also, 14 **R. C. L.** 1137.

5. See 1 **R. C. L.** 507.

Insurance—Evidence That Insured Automobiles were Allowed to Burn Held Inadmissible Under Pleadings, in Insurer's Action for Amount Paid on Proofs of Loss Falsely Stating That There was No Other Insurance.

6.  Evidence that insured automobiles were allowed to burn, with consent of insured's agent, when they could have been saved, was inadmissible under pleadings, in insurer's action for amount paid on proofs of loss falsely stating that there was no other insurance.

Insurance—Fire Policy Held not Void Because Insured's Possession was Only That of Trustee, Bearing All Incidents of Legal Title.

7.  Fire insurance policy *held* not null and void on ground that defendant possessed insured automobiles as trustee, not as sole and unconditional owner; equitable title, coupled with actual possession, bearing with it all incidents of legal title.

Insurance—Conditional Sale Contract Held not Admissible to Show That Insured was Mere Trustee of Insured Property.

8.  In fire insurer's action for amount paid on proofs of loss falsely stating that no other person, firm, or corporation than insured had any interest in insured property, writing in nature of conditional sale contract *held* not admissible as tending to show that defendant was mere trustee of insured property; defendant having legal and insurable interest, whether as vendee or trustee.

Insurance—Corporation Possessing Automobiles as Trustee Could Insure Them in Its Own Name.

9.  Corporation in possession of automobiles as a trustee could insure them in its own name.

---

Evidence, 22 **C. J.**, p. 377, n. 29, p. 378, n. 31.
Fire Insurance, 26 **C. J.**, p. 20, n. 24, p. 35, n. 25, p. 173, n. 2, p. 174, n. 12, p. 189, n. 6, 7, p. 509, n. 52, p. 527, n. 19, 22.

From Clatsop: J. A. EAKIN, Judge.

Department 2.

The plaintiff grounds its action upon the alleged false representations of the agents of the defendant in procuring a fire insurance policy covering three automobiles. According to the complaint, the policy provided:

"It is a condition of this policy that it shall be null and void: * *

---

7.  What constitutes insurable interest in property, see notes in 7 **Am. Dec.** 42; 20 **Am. Dec.** 510. See, also, 14 **R. C. L.** 910 et seq.

"(b) If at the time a loss occurs there be any other insurance covering against the risks assumed by this policy which would attach if this insurance had not been effected;

"(c) If the interest of the insured in the property be other than unconditional and sole ownership, or if the subject of this insurance be or become incumbered by any lien or mortgage, except as stated in warranty No. 3, or otherwise indorsed hereon."

The plaintiff alleged that, on December 8, 1922, and after the issuance of the policy of insurance, the three automobiles described therein were totally destroyed by fire, and that, on December 14th, the defendant made three separate proofs of loss under the policy, each stating that "no other person, firm or corporation had any interest, lien or encumbrance, and there was no other insurance thereon * * " Plaintiff then averred that, relying upon such proofs of loss, and being wholly ignorant of the fact that they were false, in that the automobiles did not belong to the defendant and that the defendant was not the unconditional and sole owner thereof, the plaintiff, on or about December 18, 1922, paid to the defendant the sum of $4,938.08, as a loss sustained by defendant under the policy, and that this payment was induced by the fraudulent representations and proofs of loss made by the defendant.

The defendant denied the allegations of fraud, and, upon trial of the issues, the court directed a verdict in its favor.

Plaintiff appeals, assigning for review error of the court in rejecting evidence offered by plaintiff in support of its issues.                        AFFIRMED.

For appellant there was a brief over the name of *Messrs. Norblad & Hesse,* with an oral argument by *Mr. Gus C. Moser.*

For respondent there was a brief over the name of *Messrs. G. C. & A. C. Fulton* and *Mr. C. W. Robison,* with an oral argument by *Mr. G. C. Fulton.*

BROWN, J.—Plaintiff asserts that defendant forfeited the protection of its policy of insurance by knowingly misrepresenting certain material facts set out above, the first ground of attack upon the policy involving "other insurance" on the automobiles, and the defendant's knowledge thereof.

1. While there are decisions to the contrary, it is a rule of law, generally accepted because of its reasonableness, that a policy of fire insurance will not be forfeited where other insurance exists without the knowledge or consent of the assured: 26 C. J., p. 188. Among the many cases supporting this proposition is the case of *Rowley* v. *Empire Ins. Co.,* 36 N. Y. 550, where the Supreme Court of that state sets forth its holding in language following:

"The law is not so unreasonable as to declare void a contract of insurance on the ground that the assured did not make known the existence of a policy of which he had never heard."

2. Concerning "other insurance," one W. G. Lloyd, called on behalf of plaintiff, testified:

"Q. You say you did represent the American Insurance Company of Newark, New Jersey? A. Yes, sir.

"Q. State whether or not they had a policy on these automobiles.

"Mr. Fulton: Object to that as incompetent, irrelevant, and immaterial—not the best evidence—hearsay—I would like to see the documents."

Following argument of counsel the court sustained the objection, whereupon plaintiff saved an exception and made the following offer of proof:

"Mr. Moser: I desire to prove by this witness * * and the witness would * * testify * * that the American Insurance Company of Newark, New Jersey, fully insured the three automobiles in question in this case in the name of Industrial Finance Corporation against loss or damage by fire, and such insurance would attach if the insurance under the policy in question * * had not been effected, and that this insurance was in force on these three automobiles, fully insuring them against loss or damage by fire, at the time of their destruction by a fire on December 8, 1922, in the name of the Industrial Finance Corporation, and that the Industrial Finance Corporation had the legal title and was the owner of these three automobiles."

The offer was denied and plaintiff saved an exception.

This question was proper as a preliminary one. However, there was no pretense that the policy had been lost, or that there was no record thereof, or that it could not be produced; and, under this state of facts, the policy should have been produced for the purpose of proving its contents and legal effect.

As to the procedure necessary to establish the fact that certain designated property is covered by insurance, 2 Abbott's Trial Evidence (3 ed.), page 1231, thus states the law:

"The policy, unless admitted, should be produced or accounted for, and the signatures (including countersigning) proved. Physical delivery is *prima facie* evidence of a binding contract. Where the facts connected with the delivery of the policy show that the insured was called on to manifest by some

act that he accepted the policy, it is not binding without proof of some such act.''

3. Unquestionably, parol evidence is admissible to prove the execution and delivery of an insurance policy: 7 Encyc. of Ev. 504. But, when the absence of the policy is not accounted for, such evidence cannot be introduced to establish its contents and legal efficacy.

For the purpose of showing defendant's alleged misrepresentations at the time of making its proof of loss to the insurance company, the plaintiff called as a witness Tom Ordeman, who testified:

''Q. Did you have anything to do with the taking of proofs of loss in connection with the Pacific States Fire Insurance Company, in connection with the C. Rowan Motor Company? A. Yes, sir.

''Q. And did you have any conversation with Mr. Rowan, the secretary-treasurer of the company, and manager? A. I did.

''Q. About how soon after the fire was it that you saw him, and what, if any, conversation did you have with him with reference to the ownership of these automobiles in question?

''Mr. Fulton: I object. * * The writing is the best evidence. * *

''Mr. Moser: I want to prove first that he gave him the information that is in these proofs of loss.

''Mr. Fulton: That is utterly immaterial. Mr. Rowan signed it.''

The court sustained the objection, and the plaintiff, through its counsel, made the following offer of proof:

''I now desire * * to prove by this witness, and the witness would testify if he were permitted to answer, that Mr. Rowan, at the time of the signing of these three 'proofs of loss,' D, E, and F, informed the witness, in answer to questions, that he, that these automobiles were paid for in full, that he owed

nothing to the Studebaker Corporation, and nothing to the Industrial Finance Corporation, and that there were no liens or encumbrances of any kind, and that no other person had any interest in either of the automobiles in question and described in these exhibits.''

There is no material conflict in the representations made by Rowan in the "proofs of loss" as prepared by the witness and the matter proposed to be proved. These statements are merged in the writing: 7 Encyc. of Ev., p. 506. Rowan asserted merely, in effect, what he stated in the proof of loss.

4, 5. Plaintiff contends that certain declarations made by Rowan to one of plaintiff's witnesses on June 22, 1923, are admissions against interest and are therefore competent evidence against the defendant corporation, and assigns error of the court in sustaining defendant's objection to questions propounded to the witness as to such admissions. We cannot follow the plaintiff. The conversation alluded to in the question took place more than seven months after the fire and the making of the proofs of loss. It is well-settled law in this state that the admissions or declarations of an agent, made long after the *res gestae,* and not connected with it, are in the nature of hearsay and not admissible. This principle is not new. It has been announced in case after case decided by our court. A leading case on the subject is that of *Alden* v. *Grande Ronde Lbr. Co.,* 46 Or. 593 (81 Pac. 385), where Mr. Justice BEAN thus spoke for this court:

''The admissions or declarations of an agent are sometimes binding on his principal, but it is only when the act of the agent will bind the principal, and the representations or statements are made at the time and characterize the act, that they become com-

petent evidence for that purpose: *North Pac. Lbr. Co.* v. *Willamette Mill Co.,* 29 Or. 219 (44 Pac. 286); *Wicktorwitz* v. *Farmers' Ins. Co.,* 31 Or. 569 (51 Pac. 75); *Hannan* v. *Greenfield,* 36 Or. 97 (58 Pac. 888). The admissions or declarations of an agent of a corporation stand on precisely the same footing as those of an agent of a private individual. 'To bind the principal, they must be within the scope of the authority confided to the agent, and must accompany the act or contract which the agent is authorized to do or make.' Angell and Ames, Corporations (1 ed.), § 309. * * 'Where the declaration of the agent relates to his past conduct, or to a past transaction in which he has acted for his principal, so that it is in the nature of a mere historical narrative, it is not admissible to bind his principal, unless the scope of the agency was such that the agent had authority to make the admission for his principal.' "

To the same effect are *Wade* v. *Amalgamated Sugar Co.,* 65 Or. 488 (132 Pac. 710); *Parker* v. *Smith Lbr. Co.,* 70 Or. 41, 50 (138 Pac. 1061); *Marks* v. *Columbia County Lbr. Co.,* 77 Or. 22 (149 Pac. 1041, Ann. Cas. 1917A, 306); *Hansen* v. *Oregon-Washington R. & N. Co.,* 97 Or. 190 (188 Pac. 963, 191 Pac. 655).

6. The plaintiff complains that it was not permitted to offer testimony tending to show that "the three automobiles in question were allowed to burn," when they could have been saved, "and that the representative of the Studebaker people, or Industrial Finance Corporation, was in reality to blame, and Rowan consenting thereto." Assuming, but not deciding, that this evidence was admissible to prove a loss by the wanton omission or wrongful commission of the defendant, it was not admissible under the pleadings upon which this action is predicated.

7. The plaintiff seeks to show that the policy of insurance was null and void because of the asserted

fact that the defendant possessed the motor cars as trustee, and not as sole and unconditional owner. In this state the equitable title, coupled with the actual possession of the property insured, bears with it all the incidents of legal title: *Baker* v. *Ins. Co.,* 31 Or. 41 (48 Pac. 699, 65 Am. St. Rep. 807); *Waller* v. *City of New York Ins. Co.,* 84 Or. 284 (164 Pac. 959; Ann. Cas. 1918C, 139). These cases are in complete harmony with the general rule as clearly stated in the case of *Arkansas Ins. Co.* v. *McManus,* 86 Ark. 119 (110 S. W. 798), where the Supreme Court of Arkansas wrote:

"It is well settled by authority that conditions in insurance policies that the assured shall have 'unconditional and sole ownership' of the property insured, or that he shall have 'the title in fee simple,' are complied with by showing that the assured has the equitable title. It is held in many cases that possession under a contract to convey is 'unconditional and sole ownership,' and also that it is 'title in fee simple,' within the meaning of that requirement of the policy. 2 Cooley's Briefs on Insurance, pp. 1354, 1376; Ostrander on Insurance, § 72. It is so held as to a parol contract to convey: *Milwaukee, etc. Insurance Co.* v. *Rhea & Son,* 123 Fed. 9 (60 C. C. A. 103)."

8. The plaintiff complains that the court rejected a writing which tended to show that the defendant was a mere trustee of the property insured. Unquestionably, the person insured possessed a legal and insurable interest, whether we designate it as vendee or trustee. The writing offered in evidence was in the nature of a conditional sales contract, and its legal effect is governed by prior decisions of this court noted above.

9. But, suppose the defendant was in the possession of the cars as a trustee of trust property: It was lawful for the defendant, as such trustee, to insure the property in its own name. See the leading case of *Lockhart* v. *Cooper,* 87 N. C. 149 (42 Am. Rep. 514), and authorities there cited; 26 C. J., p. 35, § 19, and notes. In the case of *California Ins. Co.* v. *Union Compress Co.,* 133 U. S. 387 (33 L. Ed. 730, 10 Sup. Ct. Rep. 365), the question arose as to whether the plaintiff could lawfully take out insurance for its own protection as well as for the benefit of the owners of the cotton; and here, Mr. Justice BLATCHFORD, in rendering the opinion for the United States Supreme Court, wrote, at page 409:

"The policy covered all the cotton which was placed in the hands of the plaintiff by those companies. It was lawful for the plaintiff to insure in its own name goods held in trust by it, and it can recover for their entire value, holding the excess over its own interest in them for the benefit of those who have entrusted the goods to it (citations)."

Again, from a recent case decided by the Missouri Court of Appeals, we quote the following:

"It is well settled that 'any title or interest in the property, legal or equitable, will support a contract of insurance on such property.' 26 C. J. 20.

" "That a trustee having no personal interest in the property may procure an insurance on it, is a doctrine too well settled to need a citation of authorities to confirm it. As early as 1802, the judges of the Exchequer Chamber, in the case of *Lucena* v. *Craufurd,* 3 Bosanquet & Puller, 75, held that an agent, trustee, or consignee could insure, and that it was not necessary that the assured should have a beneficial interest in the property insured, and the rule established by this case has ever since been followed by the courts of this country and England.

" 'A trustee, therefore, having the right, is justified in insuring the property, even to its full value, although there is no obligation on him, in the absence of express directions, to insure at all.' *Insurance Co.* v. *Chase,* 5 Wall. 509, 513, 514 (18 L. Ed. 524)." *Hayward* v. *Fidelity-Phoenix Fire Ins. Co.* (Mo. App.), 285 S. W. 144, 146.

The court did not err in rejecting the proffered writing.

This case is affirmed.                    AFFIRMED.

RAND, C. J., and BEAN and BELT, JJ., concur.