Argued March 6, affirmed March 13, 1928.

## MRS. S. H. FRALEY v. FARMERS' MUTUAL FIRE RELIEF ASSOCIATION.

### (264 Pac. 862.)

**Insurance—Equitable Title Held Sufficient as Respects Insurance Policy (Or. L., § 6457).**

1. Where, in application, insured represented that her title to realty on which house was situated was that of contract purchaser, and, after fire, in making proof of loss, asserted that title was in fee simple, and insurer contended that latter representation was false, and avoided policy under Section 6457, Or. L., *held* that denial of nonsuit was proper, since equitable title was equivalent to fee simple.

**Trial—Refusal of Requested Instructions Held not Error, Where Covered by Given Instructions.**

2. Refusal of requested instructions *held* not error, where covered by given instructions in so far as they were warranted by law.

Fire Insurance, 26 **C. J.**, p. 173, n. 2, p. 385, n. 22, p. 404, n. 37, p. 490, n. 82.

From Multnomah: GEORGE ROSSMAN, Judge.

Department 2.

This action is based upon the covenants of a fire insurance policy issued by the defendant to the plaintiff, whereby the defendant insured the property therein described and possessed by plaintiff against all direct loss or damage by fire to the amount of $1,200. The plaintiff paid all premiums on the policy when due. A fire occurred and the property covered was destroyed, the plaintiff saving from the flames only a few articles of scorched personal property after rescuing her nine children, one of them a babe

1. Vendee under executory contract of purchase as sole and unconditional owner, see notes in Ann. Cas. 1918C, 143; 20 L. R. A. (N. S.) 775. See, also, 14 R. C. L. 1052, 1054. Owner of equitable title as sole and unconditional owner of property, the legal title of which is in another, see note in L. R. A. 1918E, 375.

of two months. She caused the insurance company to be notified of the loss by fire. She made a sworn statement concerning the loss. The company refused to pay the full sum, but offered to compromise by paying $600. Plaintiff then brought action to recover the full amount.

The defendant, through its agents, asserted that the plaintiff had avoided the insurance policy by her representations that she was the owner of the realty upon which the dwelling-house was situate, and, further, that she had sworn falsely as to material matters in making her proof of loss. Upon the trial the jury, after hearing the evidence and being fully instructed concerning the issues, returned a verdict in favor of the plaintiff for $1,120. From the judgment pronounced by the court upon the verdict, the defendant appeals, and says that the court erred in denying its motion for an order of involuntary nonsuit, and in refusing to give certain instructions requested by it.                                      Affirmed.

For appellant there was a brief over the names of *Mr. Herman Loeding* and *Messrs. Clark, Skulason & Clark,* with an oral argument by *Mr. B. G. Skulason.*

For respondent there was a brief over the name of *Messrs. Lewis, Lewis & Finnigan,* with an oral argument by *Mr. Arthur H. Lewis.*

BROWN, J.—1. Before she is entitled to recover, the plaintiff must aver and prove that she was the owner of an insurable interest in the property covered by the policy at the time of making the insurance contract and also at the time she sustained the loss: Or. L., § 6457. If the plaintiff wilfully and

falsely swore to material matter in making her proof of loss, she avoided her policy: Or. L., § 6457. In her application for insurance, she represented that her title to the realty upon which the house was situate was that of a contract purchaser; and in making the proof of loss when asked the question, "If the loss is on building, state whether real estate is owned in fee simple or held on lease," she answered, "fee simple." A written agreement introduced in evidence shows that the contract for purchase of the realty was made by the vendor and plaintiff's husband, and the jury found, on conflicting evidence, that plaintiff was the real party in interest in that contract: *Barbre* v. *Goodale*, 28 Or. 465 (38 Pac. 67, 43 Pac. 378); *Blomquist* v. *Jennings,* 119 Or. 691 (250 Pac. 1101), and the cases therein cited.

The Case of *Pacific States Fire Ins. Co.* v. *Rowan Motor Co.,* 122 Or. 665 (260 Pac. 441), contains valuable authorities that are much in point. One of the questions there involved is similar to that in this cause, and from the opinion rendered in that case we quote the following:

"The plaintiff seeks to show that the policy of insurance was null and void because of the asserted fact that the defendant possessed the motor cars as trustee, and not as sole and unconditional owner. In this state the equitable title, coupled with the actual possession of the property insured, bears with it all the incidents of legal title: *Baker* v. *State Ins. Co.,* 31 Or. 41 (48 Pac. 699, 65 Am. St. Rep. 807); *Waller* v. *City of New York Ins. Co.,* 84 Or. 284 (164 Pac. 959, Ann. Cas. 1918C, 139). These cases are in complete harmony with the general rule as clearly stated in the case of *Arkansas Ins. Co.* v. *McManus,* 86 Ark. 119 (110 S. W. 798), where the Supreme Court of Arkansas wrote:

" 'It is well settled by authority that conditions in insurance policies that the assured shall have "unconditional and sole ownership" of the property insured, or that he shall have the "title in fee simple," are complied with by showing that the assured has the equitable title. It is held in many cases that possession under a contract to convey is "unconditional and sole ownership," and also that it is "title in fee simple" within the meaning of that requirement of the policy. 2 Cooley's Briefs on Insurance, pp. 1354, 1376; Ostrander on Insurance, § 72. It is so held as to a parol contract to convey: *Milwaukee etc. Ins. Co.* v. *Rhea & Son,* 123 Fed. 9 (60 C. C. A. 103).' "

The record further shows that, after the representatives of the defendant company obtained full knowledge of all the facts concerning the plaintiff's title, they offered to compromise and pay her $600. Though there are decisions to the contrary, there are many authorities holding that such an offer by the insurer constitutes a waiver of forfeiture. See 26 C. J., § 517, and the court decisions under notes 37 and 38.

2. From a review of the record, the writer is convinced that the case was properly submitted to the jury, and that there is some evidence in support of each material allegation in the complaint. Moreover, the instructions requested and refused were covered by other instructions given by the court, in so far as they were warranted by law.

This case should be affirmed. It is so ordered.

AFFIRMED.

RAND, C. J., and BEAN and BELT, JJ., concur.