EPHRAIM S. DALTON *v.* JOHN C. DANIELS.

Where a custom is shown to exist in a particular trade or business, parties engaged
in the business are presumed to contract with reference to the custom, unless it
is otherwise expressly agreed.

But a usage of trade cannot be shown which contravenes an established rule of law,
or is in opposition to the terms of an express contract.

On a sale of liquor in barrels, a deficiency in the quantity sold was shown, accord-
ing to a custom in the trade, by which one barrel in every ten is examined and
measured, and an estimate made of the whole, based on a measurement thus
made; *Held,* that the custom, not being contrary to law, was valid.

APPEAL from a judgment of the First District Court, in favor
of the plaintiff. The action was brought to recover the value of
140 gallons of liquor, being a deficiency in quantity on a sale of
liquor, in barrels, by the defendant to the plaintiff. The sale
was made by the number of gallons marked on the outside of
each barrel; but, after delivery, the actual quantity was ascer-
tained, according to a usage of the trade, by which one barrel is
taken from every ten, and measured, and an estimate made of
the whole quantity founded on such a measurement. In this
way it was found that there was a deficiency in the quantity sold
of 140 gallons, for which the plaintiff brought suit, and after
proving a measurement in this manner, and showing that both
parties were dealers in liquors, rested his case at the trial. The
defendant claimed that an actual measurement of each barrel
must be shown before a recovery could be had, and that an
alleged deficiency could not be established in any other way. The
justice held otherwise; and having given judgment for the plain-
tiff, the defendant appealed.

*Miller, Peet & Nichols,* for the appellant.

*John H. McCunn and C. Fine,* for the respondent.

By the Court, BRADY, J.—This action was brought to recover

Dalton v. Daniels.

for an alleged deficiency in the quantity of a lot of liquors, sold in barrels by the defendant to the plaintiff. The deficiency was ascertained by the examination of ten barrels out of one hundred barrels and of eight barrels out of seventy-five barrels—the former being made by an inspector of liquors, and the latter by a gauger or measurer of liquors. The mode of ascertaining the deficiency was as follows: one barrel out of every ten, and ten barrels out of every hundred, taken promiscuously, were examined by scaled measure, and an estimate, based upon that measurement, was made as to the whole number. The barrels, it was also proved, did not hold out according to the original marks on them, and for the reason, it would seem, that the heads were unusually thick. Having proved the deficiency, in the manner stated, of 100 barrels, the plaintiff's counsel asked the following question: Is there any custom in the liquor trade whereby the measurement of barrels is arrived at by measuring certain numbers out of a larger lot, and determining the measurement of the whole lot by averaging those measured, and if so, what is that custom? The question was objected to because the witness was incompetent, and because the custom was not legal, and could not be sustained, if proved. The objection was overruled, and the defendant excepted. The witness answered that there was such a custom, which was to measure ten barrels out of every hundred, and in that proportion, taken promiscuously, in order to ascertain the contents or measurement of the whole lot, and the witness said, in addition, "We never measure the whole lot." The question and answer here stated are not so stated for the purpose of considering the exception taken, but to show what the custom was in fact. The exception was abandoned by the defendant's counsel subsequently admitting that the custom proved existed, and that the defendant knew of it; the defendant's counsel still insisting, however, that the custom was illegal, and could not be sustained. The question presented therefore, on this appeal, on these facts, is whether there was sufficient evidence of the deficiency claimed, or, in other words, whether it was not the duty of the plaintiff to prove, by the ac-

tual measurement of each barrel, the deficiency thereof. The question is simple, and may be readily and speedily disposed of. It is a well settled principle of law, that where a custom exists in reference to a particular trade or business, and the parties engaged in that business know of the custom, it is to be presumed that their contracts are made in reference to it, unless expressly excluded by them, (*Allen* v. *Merchants' Bank N. Y.*, 22 Wend. 215; Story on Con., 3d ed., § 14, 651, and cases cited; 2 Smith's Leading Cases, 681, 682; *Hinton* v. *Locke*, 5 Hill, 437; 2 Parsons on Con., 49, and cases cited; *Bridgeport Bank* v. *Dyer*, 19 Cowen, 140), although it is said that a usage of trade cannot be set up either to contravene an established rule of law, or to vary the terms of an express contract. *Rankin* v. *Amer. Ins. Co.*, 1 Hall, 619; *Sewall* v. *Gibb*, 1 Hall, 602; *Dunham* v. *Dey*, 16 Johns. Rep. 367; *Hone* v. *Mutual Safety Ins. Co.*, 1 Sandf. 137; *Hinton* v. *Locke*, 5 Hill, 437; 2 Smith's Leading Cases, 686; *Smith* v. *Lynes*, 3 Sand. S. C. R. 203; *S. C.*, 1 Selden, 41, on appeal.

The custom proved and admitted did not contravene any established rule of law, on any given state of facts, but related simply to the mode of ascertaining a fact upon which a rule of law might be declared. The contract between the parties, enlarged or fully expressed by reference to the custom mentioned, would be, " I sell you a number of barrels of liquor, which I say contain a certain number of gallons, stated on this bill, but the exact quantity may be ascertained by measuring ten out of every hundred of the barrels, or in like proportion for any number, and making a general estimate founded upon such measurement." This mode of ascertaining the quantity is reasonable and convenient. It is equally open to both parties, and must result often in a saving of labor, time and expense. It does not contravene any policy or principle of the law, and is, in fact, an agreement that as to quantity both seller and buyer may, by a system of average, determine the number of gallons contained in a number of barrels, without gauging or measuring each one. As a commercial usage, it seems to be one of great utility, and

so far as the evidence given in this case illustrates its operation, it subserves the ends of justice, inasmuch as no testimony was offered by the defendant to controvert the result of the examination by the plaintiff's witnesses. The result must be assumed to be correct, and the plaintiff's cause fully established. The authorities to which reference has been made present not only the general rules governing these cases, but a variety of illustrations in their application. I have discovered one case, however, bearing more directly on the particular point in question than any I have been able to find. *Barton* v. *McKelway*, 2 N. Jer. 165. The action was on a contract to deliver a number of moris-multicaulus trees of "not less than *one foot high*." It was held, that it might be shown that by the universal usage and custom of dealers in that article, the length was measured to the top of the ripe wood, rejecting the green, immature top. See also conclusion of note in 2 Parsons, (*supra*), page 54.

Judgment affirmed.