## LAZENSKY *v.* SUPREME LODGE K. OF H.

*(City Court of New York, General Term. December 20, 1888.)*

**INSURANCE—MUTUAL BENEFIT SOCIETIES—ASSESSMENTS—TENDER.**
Where the constitution of a mutual benefit society provides that the financial reporter of a subordinate lodge shall receive all moneys due the lodge, and give a bond for the discharge of his duties, and authorizes no other person to receive or decline payment of assessments, and a notice of assessment states that assessments must be paid to the financial reporter only, a tender of payment of the assessment to the secretary, an officer not under bond, and his refusal to accept it, on the ground that the member is suspended, are ineffectual to bind the society, though it is customary for the secretary and other officers to receive payment of assessments.

Appeal from trial term.

Action by Maria Lazensky against the Supreme Lodge Knights of Honor, on a mutual benefit certificate. Defendant appeals from a judgment entered on a verdict for plaintiff, and from an order denying a new trial.

Argued before NEHRBAS, EHRLICH, and McGOWN, JJ.

*Morris Goodhart*, for appellant. *A. & C. Steckler*, for respondent.

NEHRBAS, J. The action is upon a benefit certificate issued by the defendant to Joseph Lazensky (now deceased) in favor of his wife, the plaintiff, for $2,000, in December, 1881. He was a member of Manhattan Lodge No. 1,165,

K. of H., a subordinate lodge of the defendant. The certificate was payable out of the widows' and orphans' benefit fund, and, under the constitution and by-laws of the defendant, whenever the amount remaining in the treasury of that fund fell below $2,000, an assessment was levied, of which each subordinate lodge was required to pay its proportionate share, and the latter, in turn, collected the amount from their respective members, who were assessed therefor. Each member was required to pay the amount so due within 30 days after a notice mailed to his address, in default whereof he stood suspended, and "thereafter he shall not be entitled to the benefits of the widows' and orphans' benefit fund until he shall have been duly reinstated in this subordinate lodge in accordance with the laws of the order." On May 19, 1885, a call for an assessment was made by the defendant upon the subordinate lodges, in accordance wherewith the Manhattan lodge proceeded to collect from its own members the amount demanded from the lodge. On the 20th or 21st of May, 1885, the reporter of the lodge, Isaac Meyer, personally mailed a postal-card to said Joseph Lazensky of the following tenor: "MANHATTAN LODGE 1,165, KNIGHTS OF HONOR, New York. DEAR SIR AND BROTHER: You are hereby notified to provide for assessment No. 159 within thirty days from date. Assessment No. 159 must be paid on or before, [date stated, but the exact date does not appear.] Any member failing to pay the above assessment will stand suspended. Dues and assessments must be paid to the financial reporter only, George Arnstein, 101 Fourth avenue. Office hours, 9 A. M. to 5 P. M. Yours, in O. M. A." Mr. Lazensky never in fact paid this assessment. The plaintiff, however, two or three days after the 1st of June, 1885, tendered, on his behalf, the amount of the assessment to the reporter or secretary, Isaac Meyer, before referred to, who declined to receive it, on the ground that Lazensky had been suspended. This testimony was received under objection and exception. The witness, the dictator or president of the lodge, under objection and exception, further testified that it was a custom of the Manhattan lodge that, in addition to the financial reporter, the treasurer, reporter, and dictator accepted dues and assessments from its members, and that the custom had existed for many years. The duties of officers of the subordinate lodges are prescribed by article 5 of the constitution of the defendant governing subordinate lodges. Section 5 provides: "The financial reporter shall * * * receive all money due this lodge, and pay the same to the treasurer before the close of each meeting, taking his receipt therefor. * * * He shall receive all money for the widows' and orphans' benefit fund, and keep account of same in separate books provided for that purpose. * * * Before entering upon his duties, he shall give a good bond to the trustees of this lodge, in the sum of not less than one hundred dollars, for the faithful discharge of his duties." The motion to dismiss the complaint was denied, and the cause submitted to the jury, who found in favor of the plaintiff. Hence this appeal.

The principal question upon this appeal seems to us to be whether the tender of the amount of the assessment to the reporter or secretary, Isaac Meyer, was sufficient, and his refusal to receive the same on the ground stated was binding upon the lodge, and consequently upon the defendant. In other words, can a custom prevailing in a subordinate lodge, not made known to the supreme lodge, override the plain provisions of the constitution applicable to both, and supersede the clear language of the notification given to the plaintiff's husband? By force thereof the assessments were payable to and collectible by the financial reporter, George Arnstein, only. No other officer or member was authorized to receive these assessments. No other officer was empowered to decline moneys tendered to pay assessments, so as to bind the defendant. He was under bonds for the faithful performance of his duties, while the secretary was not. The custom prevailing in the Manhattan lodge may work very well for the convenience of the members, and when the

money finally reaches its destination, and is received, the lodge is bound, and it is immaterial through whose mediation the dues or assessments ultimately come into the hands of the financial reporter. *Woelfer* v. *Heyneman,* 2 City Ct. R. 15. For the accommodation of the members, the various officers of a lodge frequently accept dues and assessments, and pay them to the proper officer. While the practice may be open to objection, still, so long as the money is eventually paid into the treasury, no harm results. But when one of those voluntary messengers declines to receive the dues or assessments of a member, alleging as a ground of such refusal that the member has been suspended, thereby absolving the member from any further tender in the future, (*Shaw* v. *Insurance Co.,* 69 N. Y. 292,) the matter becomes quite serious in its results to the lodge. We think that it was error to admit the prevalence of a custom in the lodge in direct opposition to the provisions of the constitution, and the written notice before referred to, especially as no notice of such custom appears to have ever been given to the defendant. See *Hone* v. *Insurance Co.,* 1 Sandf. 137; *Dalton* v. *Daniels,* 2 Hilt. 472. There is no reason for the existence of a constitution and by-laws of an association, if they are inapplicable and overridden by mere usages and customs open to dispute. An individual who becomes a member of a lodge must subscribe to the constitution and by-laws thereof, and he cannot complain if he is required to abide by them. A notification to pay to a certain specified officer, whose address is given, must be complied with; and no other person, in the absence of any provision of the constitution or by-laws to the contrary, has the legal right to accept or to decline to receive dues or assessments so as to bind the lodge to the consequences of such refusal. No tender was ever made to the proper officer, Mr. Arnstein, and consequently the Manhattan lodge at no time refused to receive the amount payable by plaintiff's husband under assessment 159. See *Grussy* v. *Schneider,* 50 How. Pr. 134. By his failure to pay his assessment within 30 days after it became due and payable, Lazensky became suspended by virtue of article 3, § 5, of the defendant's constitution; and, as he was not thereafter reinstated in his subordinate lodge, he lost his right to share in the benefits of the widows' and orphans' benefit fund. He endeavored to have himself reinstated, but without success. The certificate sued upon provides that the payment to plaintiff shall be "upon condition that said member complies with the laws, rules, and regulations now governing this order, or that may hereafter be enacted for its government, and is in good standing at the time of his death." Inasmuch as the assessment 159 has never been paid by plaintiff's husband, nor any legal excuse offered for its non-payment, the terms of the certificate sued upon have not been complied with, and no action lies thereon. It follows that the judgment and order appealed from must be reversed, with costs to the appellant, to abide event.

EHRLICH and MCGOWN, JJ., concur.