ANNA B. ANDERSON, Respondent, v. THE SUPREME COUNCIL OF THE ORDER OF CHOSEN FRIENDS, Appellant.

Defendant issued a certificate of membership to plaintiff's husband insuring his life; the amount to be paid to her upon his death. By the certificate and the constitution and regulations of the order a failure to pay dues and assessments rendered the certificate void. In an action upon the certificate defendant claimed a forfeiture because of failure to pay certain assessments. It appeared that plaintiff paid the assessments in question to the wife of the secretary of the subordinate council, to which her husband belonged, at the residence of said secretary. By defendant's constitution it is made the duty of the secretary of a subordinate council to receive all assessments, and the council may permit him to select an assistant for whose acts he is responsible, and there was no provision requiring assessments to be paid to him in person. It appeared that it had been the common practice for members of the council to pay dues and assessments to the secretary's wife in his absence; he had no office and payments to him or his wife were made at his residence; so far as appeared no question had been raised as to the authority of the wife to receive such payments. *Held*, that the absence of any dissent on the part of the council or its officers justified the conclusion that the uniform practice proved was known to and approved by the council; that the secretary's wife was virtually his assistant in receiving assessments; and so, a finding that the assessments were paid was justified.

Defendant's constitution provides that no claim for any benefit shall be paid, until complete proof of its justness has been made in accordance with its laws and regulations; the subordinate councils are the delegated agencies of the supreme council, and the general scheme as disclosed by the relief fund laws is to impose upon said councils the duty of investigating a death claim and to prepare and forward to the

supreme council proofs of death according to prescribed forms. Plaintiff proved that shortly after her husband's death she called upon the secretary of the subordinate council and presented to him the physician's certificate of the death, and also called upon the councilor of the lodge and was assured by both " that everything would be all right." *Held,* that no definite duty was imposed upon plaintiff to furnish proofs of death, as in the case of ordinary life insurance; and that she was not required to do more than to notify the officer of the subordinate council of her husband's death as she did.

(Argued May 26, 1892 ; decided October 4, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 17, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

This was an action to recover upon a certificate of insurance for $2,000 issued by defendant, payable to plaintiff upon the death of her husband.

The facts, so far as material, are stated in the opinion.

*James McG. Smith* for appellant. The contract between a beneficial order, such as the one in question, and its member is contained in the charter and laws of the former, the certificate of membership issued by it, and the application for membership subscribed by the latter. (*Hellenburg* v. *Dist. No.* 1, *I. O. of B. B.*, 94 N. Y. 584; *Baxter* v. *C. M. F. Ins. Co.*, 1 Allen, 294.) It was part of plaintiff's affirmative case to prove that due proof and notice of the death of Anderson had been given to the officers of the supreme council. (*Hosley* v. *Black*, 28 N. Y. 438; *Oakley* v. *Morton*, 11 id. 25; *Garvey* v. *Fowler*, 4 Sandf. 665; *Knudson* v. *H. F. Ins. Co.*, 75 Wis. 198; *P. Ins. Co.* v. *Copeland*, 90 Ala. 386; *Bagley* v. *Grand Lodge, etc.*, 31 Ill. App. 618; 131 Ill. 498; *Heath* v. *Ins. Co.* 58 N. H. 414; *McCoy* v. *R. C. M. Ins. Co.*, 152 Mass. 272; *Dean* v. *Æ. L. Ins. Co.*, 2 Hun, 358; *Grattan* v. *M. L. Ins. Co.*, 80 N. Y. 281; *Payn* v. *M. R. Soc.*, 17 Abb. [N. C.] 53.) The plaintiff was not entitled to the bene-

fit of $2,000 provided for in the· relief certificate issued to her husband, because the right was conditioned upon his paying his assessments, and continuing to be a member until his death, neither of which conditions was satisfied. (*Holly* v. *M. Co.*, 105 N. Y. 437.) Payment to the wife of the secretary was insufficient. (*Whiting* v. *M. Ins. Co.*, 129 Mass. 241 ; Morawetz on Corp., § 248.) Plaintiff had no right to commence this action until after the remedies provided for in the constitution and laws of the order had been exhausted. (*S. C. O. C. F.* v. *Forsinger*, 7 Law Rep. 501.)˙ The court erred in allowing interest prior to the commencement of the action. (*Newman* v. *C. M. Ins. Co.*, 76 Iowa, 56 ; *McLaughlin* v. *W. C. M. Ins. Co.*, 23 Wend. 524.) The evidence in the case is insufficient to support a verdict, and submission of the case to the jury was error. (*Mayer* v. *E. R. F. L. Assn.*, 42 Hun, 237.)

*J. Edward Swanstrom* for respondent. This court is precluded from considering any questions arising upon conflicting evidence in the case. (*Sternberger* v. *Bernheimer*, 121 N. Y. 197.) The society having, by its course of action in permitting the wife of its secretary to receive dues and assessments from members, led the plaintiff to believe that payment to such wife would be valid, is estopped from denying her authority to receive such payment. (*Ins. Co.* v. *Eggleston*, 96 U. S. 572 ; *Kenyon* v. *Knights Templars*, 122 N. Y. 247 ; *Wyman* v. *Ins. Co.*, 119 id. 275 ; *Meyer* v. *Ins. Co.*, 73 id. 516 ; *Atty.-Gen.* v. *C. L. Ins. Co.*, 33 Hun, 138.) The claim that the defendant is absolved from liability because due proof and notice of death were not presented is untenable. (*Payne* v. *M. R. Soc.*, 17 Abb. [N. C.] 53 ; *Grattan* v. *M. L. Ins. Co.*, 80 N. Y. 281.) This is a case where it is proper that ten per cent should be added as a penalty. (Code Civ. Pro. § 3251.)

ANDREWS, J. The obligation of the defendant is expressed in the relief fund certificate, issued to Anders Johan Anderson, the plaintiff's husband, June 4, 1886. It recites that he

had become a member of the Order of Chosen Friends, and entitled to all the rights and privileges of membership, and to a benefit not exceeding two thousand dollars, which sum, the certificate declares, " shall, in case of death, be paid to his wife, Anna Brita Anderson, in the manner and subject to the conditions set forth in the laws governing the said relief fund, and in the application for membership." By a subsequent clause, it is declared that the certificate shall be in force so long as the insured shall comply with the constitution, laws and regulations of the order, " otherwise to be null and void." In the application for membership referred to in the certificate, the husband of the plaintiff agreed to make punctual payment of all dues and assessments, and to conform " in all respects to the laws, rules and usages of the order," and further, that any claim againt the order by reason of his membership, or of any certificate issued to him, shall be filed with the proper officers of the supreme council within one year of the date when it might have been made. Anders Johan Anderson died February 22, 1890, and in July thereafter this action was commenced by the beneficiary to recover the sum mentioned in the certificate. The complaint, among other things, alleged the existence of funds in the treasury of the defendant, out of which the claim could be paid, and that due notice and proof of the death of Anderson had been given to the defendant, and payment of the claim demanded, which had been refused. The allegation of the existence of funds was admitted by the answer, but the allegations as to notice and proof of death and of demand were denied, and the defendant affirmatively alleged that no proof of any kind and no claim upon the relief fund had been made or presented to the defendant or any of its officers.

On the trial, *three* defenses were relied upon : *First*, that the plaintiff's husband had omitted to pay three assessments of ninety cents each, which had become payable prior to his death, whereby he became suspended from membership in the order, and had forfeited any right under the certificate ; *second*, that on the 28th day of January, 1890, he severed his

connection with the order by written notice delivered to the secretary of the Svithiod Council (to which he belonged); *third*, that no notice or proof of death had been served on the defendant prior to the commencement of the action. The first defense, if sustained by the facts, was a conclusive answer to the action. By the relief fund laws of the order, both the amount and time of payment of assessments are prescribed. They are payable without notice or demand to the secretary of the subordinate council on the first and fifteenth of each month. The non-payment by any member of any assessment at the time limited, results *ipso facto* without notice or any action by the order in his suspension from beneficiary membership, and forfeits any right under his certificate, until he is reinstated in the manner pointed out by the laws of the order. The question whether Anderson was in default at the time of his death for non-payment of assessments, was sharply litigated. Evidence was given on the part of the defendant tending to show that the deceased was delinquent in the payment of the three assessments mentioned, and that his suspension therefor had been reported to the subordinate council by the secretary. On the other hand, the plaintiff claimed, and her claim was supported by evidence, that on the 28th of December, 1889, she had caused to be paid to the wife of the secretary, at his residence, in behalf of her husband, assessments in advance, covering all which would fall due prior to February 22, 1890, the date of his death. This evidence was accepted by the jury, and the fact, as claimed by the plaintiff, must on this appeal be deemed established.

But it is insisted in behalf of the defendant that payment to the wife of the secretary was not binding on the defendant, unless the money actually came into the secretary's hands, and the contrary ruling of the trial judge presents the only question of law under the first defense mentioned. The duties of a secretary of a subordinate council are prescribed in its constitution, and among other things he is to receive all moneys for the relief fund, which consists of assessments paid by members of the order entitled to relief benefits. The secretary is

required to give a bond for the faithful performance of his duties, and the subordinate council may permit him to select an assistant secretary, for whose acts, however, he is made responsible. It was proved without contradiction that it had been the common practice for members of the council to pay dues and assessments to the wife of the secretary in his absence. The secretary (it seems) had no office, and payments were made to him or to his wife at his residence. It does not appear that any question had been made at any time as to the authority of the wife to receive payments from members. There is nothing in the rules of the council limiting the powers of the secretary to a receipt in person of assessments, or which prevents him from appointing a clerk or agent to discharge the clerical duty of receiving money from members at his house in his absence. The uniform practice proved and the absence of any evidence of dissent on the part of the council or its officers, justify the conclusion that it was known to and approved by the council, and that the secretary's wife was virtually his assistant in receiving assessments. The first defense was not we think sustained.

To sustain the second defense the defendant introduced a formal written resignation of membership in the order, purporting to have been signed by Anderson, January 28, 1890. The genuineness of the document was controverted. The plaintiff testified that the signature was not her husband's. The secretary testified that he drew the paper at the request of Anderson, who signed it in his presence and delivered it to him. Evidence was also given in behalf of the plaintiff by physicians and others tending to show that Anderson was insane at the time of the alleged execution of the paper. The judge submitted to the jury the question whether Anderson signed the paper, and also the question of sanity. No exception was taken to the correctness of his instructions upon this point and the finding of the jury disposes of the second defense.

The third defense presents a question of more difficulty. The claim on the part of the defendant is that no right of

action accrues on a certificate for a death benefit until the claimant furnishes to the supreme council of the order proof of death, nor until the officers of the supreme council have had an opportunity to consider the claim, and decide upon its allowance or rejection. In support of this contention reference is made to a section in the constitution of the supreme council of the order, which declares that "No claim for any benefit from the relief fund shall be paid until complete proof of the justness of the claim has been made in accordance with such laws, regulations, forms and decisions as have been or may be made or prescribed by this supreme council or its proper officers or representatives." (Const. Art. 2, § 2.) The plaintiff testified that a few days after her husband's death she called upon the secretary of the subordinate council and presented to him a physician's certificate of the fact of death, and that the secretary informed her that he already knew of the death, and assured her "that everything would be all right;" that on the same day she called on the councilor of the lodge, who informed her "that he would see that I got my money and everything would be all right." The secretary and the councilor deny that any certificate of death was exhibited to them, or that the plaintiff made any claim under the certificate, or that they recognized her right to any benefit thereunder, and they testified that it was understood, both by the plaintiff and themselves, that her husband had forfeited all right to a benefit by his neglect to pay assessments. Upon the evidence of the plaintiff the question arises whether she was bound by the relief fund laws of this order, or by the terms of the certificate, to do anything more in respect to giving notice or furnishing proof of death than to notify the secretary and councilor of the subordinate council and produce the physician's certificate of death, in the absence of any demand for further proofs made by or in behalf of the defendant.

The defendant is incorporated under the laws of Indiana. The supreme officers of the order and representatives chosen to the supreme council is the governing body, possessing the

supreme legislative and administrative authority. The supreme council grants charters to subordinate councils and prescribes their constitutions. Members of the order become such by election as members of a subordinate council, upon such election being approved by designated officers of the supreme council and paying certain prescribed assessments and dues. The relief fund arises from periodical payments by the beneficiary members to the subordinate council to which they are attached. The supreme officers, under prescribed regulations, grant benefit certificates to beneficiary members. The subordinate councils are the delegated agencies of the supreme councils to collect and remit the assessments for the relief fund, which is exclusively managed by the supreme council and its officers. The general scheme in respect to the presentation and proof of claims for death benefits, as disclosed by the relief fund laws referred to in the certificate, is to impose upon the subordinate council of which the deceased was a member, the duty on the death of a member of investigating the matter, and through its own officers preparing and forwarding to the supreme council or its officers, proofs of death according to certain forms promulgated by the supreme council. There is no duty, certainly no clear and definite duty imposed by the relief fund laws or the laws or regulations of the order upon a claimant under a certificate, to furnish proofs of death, as in case of ordinary life insurance.

By article 3, section 2 of the relief fund laws, it is made the duty of the secretary of the subordinate council, on the death of any member, to notify the supreme recorder thereof, " in accordance with a form furnished by the supreme council." This notice is to contain certain particulars, many of which could ordinarily be known only to an officer of the council. The section provides that " further proof" may be required by the supreme council. The forms of proof promulgated comprise a notice of death addressed to the subordinate council, embracing full particulars as to the deceased, when admitted as a beneficiary member of the order, when the first and last assessments were paid by him, the total amount paid into

the relief fund, the amount of benefits already received, if any, and other particulars. This notice is followed by a form of a resolution of the council referring the matter to a committee for investigation, and by a form of a report to be made to the council by the committee so appointed, to which is to be attached an affidavit of the undertaker and attending physician, with the recommendation of the committee approving or disapproving the payment of a death benefit in the case. By section 8 of the same article of the relief fund laws before referred to, all proofs for death or disability benefits are required to be passed upon and approved or rejected by the subordinate council and by the medical examiner, and are then to be forwarded to the supreme council, and the board of claims of that body is then to pass upon the claim, and may approve or reject it.

We think it is reasonably clear, from an examination of the scheme for the administration of the relief fund and of the laws governing the payment of death claims, that no duty is cast upon a claimant to furnish proofs of death as a pre-requisite to maintaining an action on the certificate, and that the plaintiff was not required to do more than to notify the officers of the subordinate council of her husband's death. The duty was thereby cast upon the council to make the investigation and proofs for the information of the supreme council. This conclusion is decisive against the third defense.

It is true that the liability of the defendant under the cer-tificate to make payment did not accrue immediately on the death of Anderson. The liability assumed by the defendant is not absolute. The scheme contemplates a presentation of proofs of death and an adjudication of the defendant's liability by the board of claims, composed of officers of the supreme council, before payment can be made. This procedure cannot be ignored by a claimant. While an adverse decision by the board of claims may not preclude resort to an action, there seems to be no reason why the matter should not be first submitted to the judicatory established by the laws of the order, or some reason shown excusing such submission.

It does not appear in this case whether the subordinate council took any action, or gave any notice, or furnished any proof of death to the supreme council. It is unnecessary to consider how an omission by a subordinate council to perform its duty in these respects would affect the rights of a claimant. We here simply decide the point presented, viz., whether any duty rested upon the plaintiff under the laws of the order to furnish proofs of death.

We think no error is disclosed by the record in respect to any of the issues tried, which justifies a reversal of the judgment.

The judgment should be affirmed.

All concur.

Judgment affirmed.