**PATTERSON v. UNITED ARTISANS.**

[72 Pac. 1095.]

| 43 | 333 |
| 44 | 553 |

PROOFS OF DEATH FURNISHED BY MUTUAL BENEFIT SOCIETY AS EVIDENCE.
   Adverse statements made by the officers or agents of a mutual benefit society in accordance with its rules are competent evidence as admissions against interest: for instance, where the by-laws of a mutual benefit society provided that on the death of a member the officers of the local society to which he belonged should furnish full proof of death on printed blanks prepared for that purpose, which also required the local officers to give their opinion as to the validity of the beneficiary's claim against the society, the local officers must be considered the agents of the general society, and their statements and admissions thus made against the interest of the general organization are competent evidence in an action on the benefit certificate.

From Multnomah : MELVIN C. GEORGE, Judge.

Action by Leo J. Patterson, through J. P. Finley, his

guardian, against the United Artisans, resulting in a judgment for plaintiff, wherefore this appeal.        AFFIRMED.

For appellant there was a brief over the names of *Guy G. Willis* and *Seneca Smith*, with an oral argument by *Mr. Smith*.

For respondent there was a brief over the names of *Arthur C. Spencer* and *Chamberlain & Thomas*, with an oral argument by *Mr. Spencer* and *Mr. Geo. E. Chamberlain*.

MR. JUSTICE BEAN delivered the opinion.

The plaintiff, by his guardian, brought an action in the court below against the United Artisans, upon a certificate issued to his father, a member of one of its subordinate assemblies, by which it agreed to pay plaintiff the sum of $1,900 in case of the death of his father.   The sole defense is that the insured committed suicide, which released the society from liability.   The jury found against the defendant upon this question, and from the judgment entered it appeals.

The only assignment of error is the ruling of the court in admitting in evidence a certificate or statement of the officers of the subordinate assembly to which deceased belonged, which accompanied and was a part of the proof of death submitted to the supreme assembly.   The death of the insured is admitted by the pleadings, and it is also admitted that due proof thereof was made as required by the rules of the society.   The position of the defendant is that the evidence referred to is incompetent, because there was no issue to which it was applicable, and for the further reason that the statement of opinions therein contained is not binding upon it.   Section 41 of the by-laws of the defendant provides :

"*Proof of Death.*  Upon the receipt of the notice of death of a beneficiary member, the supreme secretary shall for-

ward to the secretary of the assembly of which the deceased was a member duplicate blank forms for proof of death, together with blank claimant's affidavits, which must be filled out and sworn to by the beneficiary or beneficiaries, or, if the beneficiary be a minor child, by a guardian duly appointed by the proper legal officer, and witnessed and certified by the master artisan, under seal of the assembly of which the decedent was a member. The proof must show that the deceased was a member in good standing at the time of his death; name in full, date of joining the society, date and cause of death, and the name of the person or persons and their relationship to deceased to whom the benefits are to be paid; a part of which proofs shall be affidavits of the master artisan and secretary as to the record of the member, also the affidavit of the attending physician or physicians, if any, stating the disease of which the member died, duration of illness and date of death; also the affidavit of the undertaker in charge or the clergyman officiating at the funeral, if any, together with such other sworn testimony as may be required by the board of directors to fully establish the death and identity of such deceased member. Upon the receipt of such proof, the same shall be laid before the board of directors, who shall approve or disapprove the same, and if approved by them an order for the payment of the amount to which the beneficiary is entitled shall be drawn upon the supreme treasurer, which order shall be signed by the supreme secretary and countersigned by the supreme master artisan, and be made payable to the order of the beneficiary designated in the certificate issued to decedent or the duly qualified guardian of said beneficiary; provided that sixty days from the date of the receipt of such proofs by the supreme secretary shall be allowed for the approval or disapproval of such claim by the board of directors, and that sixty days shall be allowed after the approval of the claim in which to make payments."

The forms of proof promulgated by the supreme assembly, and which its secretary, in compliance with the bylaw quoted, forwarded to the officers of the subordinate assembly of which the deceased had been a member, com-

prised a certificate or statement to be filled out and verified
by the directors of the local assembly, in which they were
required to certify to certain facts concerning the deceased
and the rights of the claimant. In the certificate to which
objection was made in this case the officers of the local
assembly certified as to the date and cause of the death of
the insured ; the time when he joined the order ; the date
to which his last assessment was paid, the date of his bene-
ficiary certificate ; his occupation ; that he was a member
in good standing ; that they had seen the benefit certificate
and believed that plaintiff was legally entitled to recovery
thereon ; that they had carefully examined the records of
their assembly, and that no material fact had been con-
cealed ; that they had examined the proofs of death at-
tached to their certificate, knew the contents thereof, and
verily believed the statements and allegations therein con-
tained and set forth were true ; that they knew of no reason
why the plaintiff's claim should not be paid, and recom-
mended its allowance by the board of directors of the
supreme assembly. The by-laws of the defendant society,
and the form for proof of death provided by it, imposed
upon the officers of the assembly of which the deceased
was a member the duty of preparing, certifying to, and
forwarding to the head office proof of death, and their
opinion as to the validity of the claim, using blank forms
furnished for that purpose by the supreme secretary. They
were thereby made the agents of the society for the pur-
poses stated, and their acts and declarations in the dis-
charge of the duty thus imposed were the acts and declara-
tions of the defendant, and not the insured : *Cox* v. *Royal
Tribe*, 42 Or. 365 (71 Pac. 73, 76, 60 L. R. A. 620); *Ander-
son* v. *Supreme Council of Chosen Friends*, 135 N. Y. 107
(31 N. E. 1092); *Supreme Council of Benev. Legion* v. *Boyle*,
10 Ind. App. 301 (37 N. E. 1105). Any statements or ad-
missions made by such officers in the discharge of their

duties and as part of such proof, if adverse to the defendant, may, we think, be properly treated as admissions against its interest, and competent evidence as such for whatever they may be worth : 2 Bacon, Benefit Soc. § 471 ; Mechem, Agency, § 714 ; *Insurance Co.* v. *Newton*, 89 U. S. (22 Wall.) 32 ; *North Pac. Lum. Co.* v. *Willamette Mill Co.* 29 Or. 219 (44 Pac. 286); *Wicktorwitz* v. *Farmer's Ins. Co.* 31 Or. 569 (51 Pac. 75). There was therefore no error in the admission of the testimony.

There was error, however, in the amount of the judgment. The plaintiff claimed only $56.85, in his cost bill, but the amount thereof was erroneously entered in the judgment at $71.10. The attention of the court below was not called to this error, and it was not discovered by the plaintiff until after the appeal was taken. He thereupon offered in his brief to make the necessary reduction, and, upon his filing a remittitur of the excess, the judgment will be affirmed, with costs.                    AFFIRMED.

Decided 13 July, rehearing denied 5 October, 1903.