Supreme Forest of the Woodmen. Circle v. John H. Stretton.

No. 13,337.   (75 Pac. 472.)

SYLLABUS BY THE COURT.

1. Practice, District Court — *Demurrer to Evidence — Defendant Estopped.* If, after a demurrer to plaintiff's evidence has been overruled, the defendant enter upon a trial of the very matters which he claims the plaintiff failed to prove, introduce evidence respecting them which the plaintiff rebuts with further evidence, and take the verdict of the jury upon them, the status of the proof at the close of the plaintiff's case is rendered immaterial.

2. Fraternal Insurance — *Misconduct of Assistant Clerk — Lodge*

*Estopped.* The by-laws of a fraternal beneficiary society provided that subordinate lodges, so desiring, might have an assistant clerk. For some two months, both in the presence and absence of its clerk, a member of a subordinate lodge habitually received and receipted for dues and beneficiary assessments in the name of the clerk, in regular meetings of the lodge, with its knowledge and acquiescence. During a period of almost a month, in the absence of the clerk, she performed the latter's duties in taking down and recording the minutes of meetings, collecting assessments and dues, entering payments made by members on the books of the lodge, and making reports to the supreme clerk, all with the knowledge and acquiescence of the lodge. She assisted a new clerk, who subsequently took office, in making up her report and in performing other duties. *Held,* that such conduct was sufficient to constitute such person an assistant clerk, so that payments of dues and assessments to her by a member would bind the order, whether such payments finally reached the supreme body or not.

3. JURY AND JURORS—*Immaterial Misconduct.* The misconduct of a juror which does not affect the verdict is not ground for a new trial.

Error from Wyandotte district court; E. L. FISCHER, judge. Opinion filed February 6, 1904. Affirmed.

*Brown, Harding & Brown,* and *Moore & Berger,* for plaintiff in error.

*McAnany & Alden,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: The defendant below was a fraternal beneficiary society. During the lifetime of Mary Stretton, and while she was a member in good standing of one of the defendant's subordinate branches or lodges, it issued to her a beneficiary certificate payable at her death to the plaintiff, her husband. After her decease the plaintiff brought an action for the enforcement of the certificate. The petition alleged in general terms, together with other appropriate facts, that all conditions and requirements of the certificate

and of the by-laws of the society had been complied
with.   The answer denied this allegation, and as-
serted that the decedent was not at the time of her
death a member in good standing, and pleaded a for-
feiture.   On the trial the plaintiff proved the death
of the former member, introduced his certificate, and
rested.   A demurrer to the evidence was interposed
and overruled, and the defendant then undertook to
make proof of the facts relied upon for a forfeiture.
The plaintiff endeavored to meet this proof by rebut-
ting evidence.   The jury made special findings of
fact upon certain questions submitted to them, and re-
turned a general verdict for the plaintiff, upon which
judgment was entered.   A motion for a new trial hav-
ing been overruled, the defendant prosecutes error in
this court.

It is insisted that, under the provisions of the cer-
tificate and of certain by-laws of the society, the plain-
tiff was required to prove the good standing of the
deceased in the society at the time of her death as
a condition precedent to recovery ; that no presump-
tion from the issuance of the certificate could supply
such proof, and hence that the demurrer to the evi-
dence should have been sustained.   Under the lan-
guage of the instruments mentioned it is doubtful if
this be true.   They seem to require the performance
of certain stated things as conditions precedent to the
vitality of the certificate and the delivery of the cer-
tificate itself appears to be evidence of a compliance
with such conditions ; but the matter can now be of
no practical importance whatever, since, after the de-
murrer to the evidence was overruled, the defendant
immediately entered upon a trial of the very facts
which it claimed the plaintiff had failed to prove ;
and having brought on a trial of the omitted facts in-

stead of standing upon the demurrer, and having taken the verdict of the jury upon them, the status of the proof at the close of the plaintiff's case in chief is now immaterial.

On the trial it appeared that if a payment made April 3, 1900, related to the dues and assessments of that month the deceased was in good standing; but that if it was made for the month next preceding, all rights under the beneficiary certificate were forfeited. The evidence upon this question and the matters collateral to it are quite unsatisfactory, but on the whole they are best interpreted by the findings of fact which the jury made and the general verdict which they returned, and it was not error to refuse to set them aside for want of sufficient support, as various motions by the defendant demanded.

On the trial the authority of a Mrs. Allerton to discharge the duties usually and regularly performed by the clerk of the lodge was questioned. It appeared that during the months of January, February, and March, 1900, both in the presence and in the absence of the clerk, Mrs. Allerton habitually received and receipted for dues and beneficiary assessments in the name of the clerk, in regular meetings of the lodge, and with its knowledge and acquiesence; that during a period of time extending from February 22 to March 13, 1900, in the absence of the clerk, she took down and recorded the minutes of meetings, collected assessments and dues, entered payments made by members on the books of the lodge, and made reports to the supreme clerk, all with the knowledge and acquiescence of the lodge; and that she assisted a new clerk, who took office March 13, 1900, in making up her report and in performing her duties as such clerk.

The by-laws of the order provide that subordinate

Woodmen Circle v. Stretton.

lodges, so desiring, may have an assistant clerk, and in submitting the cause the court instructed the jury that conduct of the kind exhibited by Mrs. Allerton, with the knowledge and acquiescence of the lodge, was sufficient to constitute her an assistant clerk so that payments of dues and assessments to her by a member would bind the order, whether such payments finally reached the supreme body or not.

The by-laws contain no other definition or limitation of the duties of assistant clerk than such as may be implied by the name itself. The functions of that officer must, therefore, be confined to the field of the clerk's duties. But such functions must also be co-extensive with that field. If the assistance the clerk requires should pertain to the keeping of records, the reception of dues and assessments, the giving of proper vouchers therefor, and the making of remittances to the supreme lodge, the assistant clerk may render it. Such authority necessarily follows from the power given the subordinate lodge by the laws of the supreme body to have an assistant clerk. It is in entire consonance with the requirements of the laws of the order that assessments and dues be paid to the clerk; that records be kept by the clerk, and that reports and remittances be made by the clerk; and it does not result from any delegation of power by the clerk.

The question as to whether a subordinate lodge shall have an assistant clerk is left solely to its own desire. If it so will no one can gainsay its action. The only question, therefore, is whether or not it is necessary to go behind the conduct, custom and practice of the lodge and its members and ascertain if due formality had been observed in the treatment of a matter over which they had complete control, namely,

the selection of an assistant clerk. The case is not like one in which some volunteer undertakes to perform some function for the accommodation of members in a capacity not recognized by the laws of the order, as in *Lazensky v. Supreme Lodge K. of H.*, 3 N. Y. Supp. 52. There the interfering party was purely a supernumerary, and he and the lodge, by their conduct, virtually attempted to create the office of assistant financial reporter in opposition to the provisions of the by-laws of the order.

Here the laws provide for the office and by necessary intendment bring within its scope the conduct disclosed in this record, and without such office and a person to discharge its duties the chief business of the lodge must stop while the clerk is away, members must forfeit all rights under their certificates for want of an officer to whom they may pay their assessments and dues, and the supreme body must be deprived of the funds to which it is entitled. This case, therefore, is more nearly analogous to that of *Anderson v. S. C. of O. of C. F.*, 135 N. Y. 107, 31 N. E. 1092, the syllabus of which is as follows :

"By defendant's constitution it is made the duty' of the secretary of a subordinate council to receive all assessments, and the council may permit him to select an assistant for whose acts he is responsible, and there was no provision requiring assessments to be paid to him in person. It appeared that it had been the common practice for members of the council to pay dues and assessments to the secretary's wife in his absence ; he had no office and payments to him or his wife were made at his residence ; so far as appeared no question had been raised as to the authority of the wife to receive such payments. *Held*, that the absence of any dissent on the part of the council or its officers justified the conclusion that the uniform practice proved was known to and approved by the

Woodmen Circle v. Stretton.

council; that the secretary's wife was virtually his assistant in receiving assessments; and so, a finding that the assessments were paid was justified."

Since the lodge itself, with authority to fill the office of assistant secretary in the first instance, accepted and adopted the continued service of Mrs. Allerton in that capacity, and, together with the members, recognized her as holding the office and discharging the duties of an assistant secretary, it would be unconscionable to permit the defendent now to question the regularity of her designation in order to enforce a forfeiture of its contract to pay. Therefore, the instruction to the jury was correct.

In view of the foregoing it is not necessary to discuss the requests for instructions which were refused or the giving of other instructions to which there were objections.

The misconduct of a juror, consisting in the expression of opinion in the progress of the trial, is alleged as a reason for the reversal of the judgment of the district court. The remark made by the juror related to the identity of signatures in dispute and is quite analogous to that referred to in *The State v. Dickson*, 6 Kan. 209. The trial court, after a hearing upon the question, has determined that no prejudice resulted from the conduct of the juror. It was not of such a flagrant character that prejudice will be presumed, and from the record this court is unable to declare that the verdict was affected by it; hence, the refusal to grant a new trial on this ground will not be disturbed.

The judgment of the district court is affirmed.

All the Justices concurring.