No. 20,539.

THE PARK VIEW HOSPITAL COMPANY, *Appellee*, v. RANDOLPH LODGE NO. 216, INDEPENDENT ORDER OF ODD FELLOWS, *Appellant*.

### SYLLABUS BY THE COURT.

1. DEMURRER TO EVIDENCE—*Properly Overruled.* A judgment will not be reversed for error in overruling a demurrer to evidence where the demurring party supplies the necessary proof in the evidence introduced by him.

2. INCORPORATED LODGE—*Authority of Committees and Officers to Bind the Lodge.* It is not error to admit in evidence against an incorporated lodge the oral statements of the members of its regularly appointed committees and of its officers, while they are acting within their authority.

3. TRIAL—*When no Error to Refuse Instructions.* It is not error to refuse to give instructions which do not correctly state the law, nor to refuse to give those that do correctly state the law, where they are given in other instructions substantially as requested.

4. SAME—*Instructions.* An instruction may be lengthy; it may involve all the conditions of the right of a party to recover; it may set out those conditions in detail; and it may be based partly on evidence that is uncontradicted.

5. INCORPORATED LODGE—*Unauthorized Acts of Officers and Committees— Ratification.* A lodge may ratify the unauthorized acts of its officers or properly constituted committees; and the question whether a lodge has so ratified such unauthorized acts, may be submitted to the jury under proper instructions.

6. TRIAL—*Evidence—Findings.* The evidence and the findings of the jury have been examined. The findings of the jury were not contradictory to the evidence but were sustained by it.

Appeal from Riley district court; FRED R. SMITH, judge. Opinion filed January 6, 1917. Affirmed.

*Frank L. Williams,* of Clay Center, and *Ambrose M. Johnston,* of Manhattan, for the appellant.

*Charles Hughes,* and *Sam Kimble,* both of Manhattan, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: In this action the plaintiff, the Park View Hospital Company, recovered judgment for $253.61, for the care and treatment of K. T. Brandenburg, a member of the defendant lodge. The defendant appeals.

There was evidence tending to prove the following facts: The plaintiff, a corporation, conducted a hospital at Manhattan. The defendant, a corporation, was a fraternal organization at Randolph. K. T. Brandenburg was a member of the defendant lodge. He became sick and the lodge, by formal action, ordered that someone be hired to take care of him. A nurse was employed for a few days. Brandenburg was then noble grand of the lodge. He was taken to the hospital by C. L. Gebhardt, who, at some time previous, had been Vice Grand, and who afterward became noble grand of the lodge. Arrangements were first made over the telephone, between Gebhardt, for the lodge, and Davis, for the hospital, to take Brandenburg from Randolph to the hospital at Manhattan. Gebhardt took Brandenburg to Manhattan, where they were met at the station by Davis, with an ambulance, in which Brandenburg was taken to the hospital. At the station Gebhardt told Davis that the lodge had voted to send Brandenburg to the hospital and would pay the expense, fifteen dollars per week. Brandenburg was to employ his own physician. The bills for the hospital service were to be sent to the lodge. The bills were so sent and were paid by the lodge, on its formal order, to the amount of $199.30, when the lodge refused to pay any further bills and notified the plaintiff that the lodge rejected all claims. At about the time the lodge refused to pay these bills a question arose in the lodge concerning the cause of Brandenburg's sickness; and a committee, consisting of

Gebhardt, Osbourn, and Hagenmaier, was appointed to get Brandenburg's consent that the doctors might state the nature and history of his disease, and to look after matters with Park View Hospital and to straighten them out. This committee visited the hospital and the members of the committee told Brandenburg that his bills would be paid by the lodge, and told Davis that the lodge would take care of Brandenburg until they took him away. Neither the lodge nor anyone for it, at any time, removed, or offered to remove, Brandenburg from the hospital. He was received at the hospital September 8, 1914, and remained there until April 6, 1915. The total charge for the hospital service rendered him was $445.75.

The jury made special findings, among which were the following:

"1. Did the defendant notify the plaintiff by letter dated December 12, 1914, that it would not pay bills for keeping the patient thereafter? Answer: No.

"3. When did the committee composed of Gebhardt, Osbourn and Hagenmaier go to Manhattan to see the patient, Brandenburg? Answer. On December 22nd, 1914.

"4. What was the committee named in question No. 3, instructed by the lodge to do? Answer. To inquire into and settle matters with Park View Hospital.

"7. When Gebhardt, DeLong, Osbourn and George Lilley made arrangements for taking and took Brandenburg to the hospital, had they been authorized by any action taken at a lodge meeting, to do so? Answer. Yes.

"8. If your answer to the last preceding question is 'Yes,' state when such action was taken and what it was. Answer. At the meeting of the lodge when DeLong was employed to care for Brandenburg. Subsequently ratifying action of said committee by allowing hospital bills.

"9. Did any person say to the manager of the hospital that the defendant lodge would pay all charges for keeping the patient Brandenburg until the patient was taken away by the lodge? Answer. No."

1. At the conclusion of the plaintiff's evidence the defendant filed a demurrer thereto, which was overruled. The defendant then introduced its evidence. The jury returned a general verdict in favor of the plaintiff. The verdict was supported by the evidence. If there was error in overruling the demurrer to the evidence that error was cured by the defendant, who introduced the additional evidence necessary to prove the plaintiff's case. (*Simpson v. Kimberlin,* 12 Kan. 579; *Railroad Company v. Doyle,* 18 Kan. 58; *Birks v. French,* 21 Kan.

238, 244; *Pine v. Bank,* 63 Kan. 462, 65 Pac. 690; *Woodmen Circle v. Stretton,* 68 Kan. 403, 75 Pac. 472; *Railway Co. v. Bentley,* 78 Kan. 221, 224, 93 Pac. 150.)

2. Complaint is made concerning the admission of evidence. Gebhardt and the members of the committee to investigate the cause of Brandenburg's sickness and to settle matters with the hospital, were permitted to testify concerning their conversation with Brandenburg and with Davis. The defendant contends that this evidence was incompetent because it was hearsay, and because it was not shown that the lodge had authorized this committee, or any member of it, to bind the lodge in any way.

The defendant was a corporation. It could speak only by its officers and those appointed to act for it. Gebhardt, when on the committee, was noble grand of the lodge. The committee was appointed to look after matters with the hospital and to straighten them out. It was not reversible error to receive in evidence what Gebhardt said when he took Brandenburg to the hospital, or what the committee said on its visit to the hospital.

3. Complaint is made concerning the refusal of the court to give certain instructions requested by the defendant. Part of these instructions concerned the obligation of the lodge to pay for the services rendered to Brandenburg after the lodge had notified the plaintiff that it rejected all claims; and a part concerned the obligation of the defendant to remove Brandenburg from the hospital before the defendant could refuse to be liable for the services rendered to Brandenburg. These instructions were properly refused.

Another of the instructions requested concerned the authority of the committee composed of Gebhardt, Osbourn and Hagenmaier to bind the lodge in respect to any matters beyond the scope of the specific purpose for which the committee was appointed. This instruction was given substantially as requested.

Another instruction concerned the power of the lodge, as a corporation, to act only through its officers. This instruction was given as requested, except that the court properly added that the lodge might act through some duly authorized committee.

The court did not commit error in refusing to give any of

the instructions requested. Those absolutely refused did not correctly state the law, and those that did correctly state the law were given in other instructions substantially as requested.

4. Complaint is made of instruction 4, given by the court. This instruction was lengthy; it involved all the conditions of the plaintiff's right to recover; it set out those conditions in detail; and it was based partly on evidence that was uncontradicted. Complaint is made because of the length of the instruction, because it involved all the conditions of the plaintiff's right to recover, because those conditions were set out in detail, and because it was based partly on evidence that was uncontradicted. These several complaints are without merit. The court committed no error in giving this instruction.

5. The defendant complains of instructions 5 to 10, inclusive. These instructions submitted to the jury the question of ratification by the lodge of the acts of Gebhardt when he took Brandenburg to the hospital, and of the acts of Gebhardt, Osbourn, and Hagenmaier, when they went to investigate the cause of Brandenburg's sickness and to settle matters with the Park View Hospital. It was proper for the court to submit to the jury the question of whether the lodge had ratified the acts of these men. The lodge could ratify their acts, even if those acts were not authorized. These instructions properly submitted this question to the jury.

6. The defendant contends that the findings of the jury were contrary to the evidence and were not sustained by it. Under this head, complaint is made of the answers to the first, seventh and eighth questions. The letter, mentioned in the first question, in part reads:

"Randolph Lodge No 216 Learning That Bro K. T. Brandenburg Has Contracted His Sickness By His Own Improper Conduct and Thir Foor Reject all Clames."

The first question implied that the letter contained language which was not found therein. The question was properly answered. A different question should have been, and probably would have been, answered in a different way.

There was evidence to support the answer to the seventh question. The lodge minutes showed an order of the lodge for hiring someone to take care of Brandenburg during his

sickness, and other evidence showed that a man was hired for a short time to perform that service. The authority given the persons to hire someone to take care of Brandenburg, and the action of the lodge in afterward paying the hospital bills, tend to show that it was the understanding of the lodge that those charged with the duty of hiring the person to take care of Brandenburg were to exercise their judgment as to the manner in which the hiring should be done. The answer to the eighth question shows that this was the view taken by the jury.

The findings of fact were not contrary to the evidence. The application of the defendant to set aside the findings was properly overruled, and the court properly denied the defendant's request for judgment on the findings.

The judgment of the court is affirmed.