Argued March 23, reversed April 3, 1917.

# SOMO *v.* INDEPENDENT ORDER OF FORESTERS.*

### (164 Pac. 187.)

**Insurance—Benefit Insurance—By-laws.**

1. By-laws of a fraternal benefit insurance society, providing that local officers shall be considered as agents of the members in accepting and transmitting payments for insurance, and that all acts of a local officer shall be construed as having been done for the members and applicants for membership, are valid.

**Insurance—Benefit Insurance—Rights of Divorced Wife.**

2. Where plaintiff was named as beneficiary in a policy of insurance on the life of her husband, a divorce did not deprive her of her right to recover the full value of the policy in event of the death of her husband prior to his withdrawal from the order.

**Insurance—Benefit Insurance—Right of Member to Withdraw.**

3. As the duties incumbent upon a member of a voluntary association by reason of his membership are purely voluntary, unless the agreement between the members provides to the contrary, a member may withdraw at any time without the consent of the association or of the beneficiary in a life policy issued to him by the association.

**Insurance—Benefit Insurance—Rights of Beneficiary—Withdrawal of Insured.**

4. Where the beneficiary in a policy of fraternal insurance on the life of her husband assumed the payment of premiums at the time of a divorce under an agreement with the local financial secretary, who by the terms of the policy and by-laws was the agent of the members, and paid the premiums until the policy was canceled upon the rightful withdrawal of the husband from membership in the order, the moneys received by the order were earned premiums upon a valid contract of insurance, which the beneficiary had no right of action against it to recover.

[As to the law generally of beneficial associations, see note in 19 Am. St. Rep. 781.]

## From Multnomah: Henry E. McGinn, Judge.

Action by Mary Somo against Supreme Court of the Independent Order of Foresters. From a judgment

---

*On the question of divorce as affecting wife's right to insurance upon her husband's life, see note in 50 L. R. A. 552.

For authorities discussing the question of effect of divorce on rights of beneficiary under insurance policy or benefit certificate, see notes in 3 L. R. A. (N. S.) 478; 39 L. R. A. (N. S.) 370.    Reporter.

in favor of the plaintiff; defendant appeals.   Reversed and judgment entered for defendant.

Department 2.   Statement by MR. JUSTICE BENSON.

This is an action for money had and received.   The facts involved are substantially these: On the 8th day of March, 1893, W. J. Riley became a member of Court Pacific No. 1247, Independent Order of Foresters, located at Portland, Oregon, and received a certificate therefrom entitling the beneficiary named therein to receive upon his death the sum of $3,000.   The beneficiary named was this plaintiff who was then Riley's wife.   In 1905, domestic trouble arose ending in a divorce and subsequently plaintiff married another.   In connection with the settlement of their property rights at that time it was agreed between them that Mrs. Riley should continue as the beneficiary named in the certificate and should assume the payment of the dues and assessments thereafter accruing.   She testifies that she at once interviewed F. X. Le Grand, financial secretary of the subordinate lodge, informed him of the arrangement and asked him if it would be satisfactory to the order and that he replied, "That being as I was the beneficiary the order would protect me."   She continued to pay the dues and assessments as they matured until November 30, 1912, when Riley having formally withdrawn from the order the "supreme court" of the order having its headquarters in Toronto, Canada, declined to receive any further payments from anybody on the certificate and treated the same as canceled.   Plaintiff then brought this action to recover the sum of $411.22 being the amount she had paid in dues and assessments.   A trial was had resulting in judgment for plaintiff in accord-

ance with the prayer of her complaint and defendant appeals.    Reversed and Judgment Rendered.

For appellant there was a brief and an oral argument by *Mr. George L. Masten.*

For respondent there was a brief and an oral argument by *Mr. E. E. Heckbert.*

Mr. Justice Benson delivered the opinion of the court.

There are a number of assignments of error, but the conclusions we have reached render it unnecessary to consider any of them except the defendant's motion for a directed verdict.

1. At the outset it may be observed that the beneficiary certificate contains the following clause:

"I hereby expressly agree that the constitution and laws of the Independent Order of Foresters, as well as any amendments thereof which may be adopted from time to time by the Supreme Court, shall be a part of this contract."

Subdivision 6 of Section 73 of the laws of the order reads thus:

"As soon as a court is instituted, whether instituted under the authority of the head office of the order, or under the authority of a high court, such court shall forthwith become and be the agent of the members thereof and applicants for membership therein, and no act of such court or of any officer or member thereof shall be construed as having been done for the order, but shall be construed as having been done for such court and the members thereof and applicants for membership therein."

Subdivision 10 of Section 104 reads as follows:

"As the financial secretary and other officers of a court are not officers of the corporation contracting

with the beneficiary members of the order, the order itself, subject to the provisions of section ninety-seven, sub-section seven, shall in nowise be held accountable for any dereliction of duty on the part of the financial secretary or of any other officer of a court, and all payments for whatsoever purpose made to any officer of a court by the members of such court shall be received by such officer as agent of the member making the payment.''

There is no contention that the supreme court had any knowledge of the alleged agreement between plaintiff and the financial secretary of the subordinate lodge, but plaintiff's right of recovery is based entirely upon the theory that Le Grand, in promising to protect plaintiff's interest as beneficiary, was acting as the agent of the supreme court and that it was therefore bound by his promise. This theory was adopted by the trial court in its instructions to the jury and in support thereof our attention is called to the cases of *Whigham* v. *Independent Foresters,* 44 Or. 543 (75 Pac. 1067), and *Patton* v. *Women of Woodcraft,* 65 Or. 33, 40 (131 Pac. 521). The first of these cites as authority *Cox* v. *Royal Tribe,* 42 Or. 365 (71 Pac. 73, 95 Am. St. Rep. 752, 60 L. R. A. 620), and *Patterson* v. *United Artisans,* 43 Or. 333 (72 Pac. 1095), both of which involve the question as to whose duty it was to supply the supreme lodge with the proofs of death. As to the question of agency both opinions were based upon specific by-laws requiring the subordinate lodge to secure and present such proofs, and it does not appear in any of these cases that the attention of this court was called to any provisions similar to those quoted. But if these can be construed to support plaintiff's contention they have, to that extent, been practically overruled by the later case of *Hartman* v. *National Council,* 76 Or. 153 (147 Pac. 931, L. R. A.

83 Or.—42

1915E, 152). Plaintiff urges that this case is based upon the statute of 1911 (Laws 1911, p. 354), and that the contrary doctrine prevailed until then. We have examined the statute with care, and are unable to find any provision therein relating to the subject of agency nor do we discover in the opinion of Mr. Justice Burnett, in the Hartman Case, that his conclusion was influenced by any statutory provision. On the contrary, his views are expressed thus:

"The question is: What is the legal conclusion to be drawn from those uncontroverted facts? Some courts have gone so far as to say that, notwithstanding the laws of the order and the stipulations of the parties to be bound by them, yet the local officers are the agents of the chief organization of the order, and not of the members of the local council. Such is the rule laid down in such cases as *Dromgold* v. *Royal Neighbors,* 261 Ill. 60 (103 N. E. 584), and *Dougherty* v. *Supreme Court etc. Foresters,* 125 Minn. 142 (145 N. W. 813), and other precedents which might be noticed. The great weight of authority, however, is to the effect that it is competent for parties to enter into a contract such as is here set out and embodied in the certificate and laws of the order. There is nothing contrary to public policy or in violation of any public law in making such a stipulation. There is good reason for making the officer of the local council the agent of the member, for that official is elected by the vote of the members, and, being so chosen, it is competent for the parties to stipulate against a possible favoritism to be shown by the officer to the person who elects him as against the general membership of the order."

2, 3. It is strenuously urged by plaintiff that this is a case wherein the defendant has received money which in good conscience it ought to refund. We cannot concur in this contention since by the great weight of authority the divorce did not deprive her of her right to recover the full value of the policy in the event of

the death of the assured prior to his withdrawal from the order: 14 M. A. L. 146; *Overhiser's Admx.* v. *Overhiser et al.,* 63 Ohio St. 77 (57 N. E. 965, 81 Am. St. Rep. 612, 50 L. R. A. 552) ; *Connecticut Mut. Life Ins. Co.* v. *Schaefer,* 94 U. S. 457 (24 L. Ed. 251).    Neither could the defendant prevent Riley from severing his connection with the order.

"Unless the compact between the members of a voluntary association provide to the contrary, a member may withdraw from it at any time.    'The entering into it, the remaining in it, the performance of duties incumbent upon the member, by reason of his membership, are purely voluntary.'    Consequently the member may withdraw when he pleases without the consent of the association": 1 Bacon, Benefit Societies, § 111, and cases there cited.

4. It follows that all of the moneys received by the defendant from the plaintiff were earned premiums upon a valid contract of insurance which was finally canceled through no fault of the defendant and if she had any right of action it would be against her former husband, Riley, for a breach of his agreement with her. It follows that the motion for a directed verdict should have been allowed.    Since in no event could the plaintiff recover in this action, a judgment will be entered here in favor of the defendant.

REVERSED AND JUDGMENT RENDERED.

Mr. Chief Justice McBride, Mr. Justice Bean and Mr. Justice McCamant concur.